No. 45,736

DAVID V. ROBERTSON, JR., *Appellant,* v. LLOYD MCCUNE, VICTOR V. THOMAS, OTIS R. ELLIOTT, CARL L. LOVE, WILLIAM H. WALL, and RILEY WINKLER, the duly elected and acting members of the Board of Education of Montezuma Unified School District No. 371, Gray County, Kansas, *Appellees.*

(472 P. 2d 215)

Opinion filed July 17, 1970.

*Thomas C. Boone,* of Hays, argued the cause and was on the brief for the appellant.

*Dale M. Stucky,* of Fleeson, Gooing, Coulson and Kitch, of Wichita, argued the cause, and *Donald L. Newkirk,* of the same firm, and *Donald C. Smith,* of Mitchell, Smith and Patton, of Dodge City, were with him on the brief for the appellees.

The opinion of the court was delivered by

KAUL, J.: Plaintiff-appellant brought this action on his written contract of employment as a teacher against defendants-appellees.

Defendants, pursuant to K. S. A. 60-212 (*b*), [now 1969 Supp.], filed a motion to dismiss the action on the ground that the petition failed to state a claim upon which relief could be granted. The motion was sustained and this appeal ensued.

In his petition plaintiff alleged that on March 19, 1968, defendants, acting through their superintendent, delivered to plaintiff a contract for the school year 1968-1969 and a letter of transmittal signed by Wm. E. Lockhard, Superintendent. That shortly after

receipt of the two documents, plaintiff contacted the superintendent and advised him that he would not teach any courses other than those which were listed by the superintendent in his letter of transmittal. Plaintiff further alleged that he was assured by the superintendent that the courses listed in the letter would constitute his teaching assignment for the ensuing year.

Plaintiff further alleged that after the commencement of the school year he was informed by the superintendent, acting for defendants, that he would be required to teach an eighth grade class in English, which was not listed in the superintendent's letter. Plaintiff refused and on December 6, 1968, was advised in writing by the president of defendant board of education that he was discharged from his teaching position because his refusal of the assignment constituted a breach of contract.

The superintendent's letter to plaintiff, the contract, and the letter of dismissal were attached to the plaintiff's petition as exhibits.

In his brief on appeal, plaintiff contends the failure to state the courses, which plaintiff would be required to teach, on certain blank lines in the contract results in a patent ambiguity or an unexplained omission in the contract which requires explanation by parol evidence.

Apparently, the contract was written on a standard form provided for teachers' contracts. The portion with which we are concerned provides that the teacher is employed—

". . . to perform the following services in conformity with Kansas law and the policies of the board;

"To teach all days when school is regularly scheduled;

"To make and file all reports required by the board or superintendent;

"To attend professional meetings authorized by the board or superintendent;

"To cooperate with the administrators and other teachers in planning and coordinating the teaching program;

"To perform such school services as may be mutually agreed upon by the board and teacher and listed herein."

Following this listing of the teachers' obligations there appears two blank lines on the contract form. Nothing was written on the two blank lines, which were followed by salary terms and this provision:

"The board reserves the right to assign said teacher to such building and work as the best interest of the schools of the district require."

As previously noted, the contract, when delivered to plaintiff, was enclosed with a letter from the superintendent, addressed to plaintiff, which reads in pertinent part as follows:

"It is not possible to determine exactly all class assignments for the coming year. However, I will do my absolute best to keep as close to the listed courses as possible. The big variable in the whole thing is who comes back and who doesn't. The main object in assignments is to place you in your major field as much as possible, and not in an area you are not qualified or comfortable in unless it is an emergency. I am thinking of your students as much as you, because you will do a better job in an area you are qualified to teach.

"It looks to me at this time that you will be assigned the following classes:
"1. Special shop
"2. Senior shop
"3. Junior shop
"4. Sophomore shop
"5. Mechanical drawing or its equivalent
"6. Study hall

"You would also have sponsorship of classes, etc., that are normally assigned to teachers in a high school.

"Feel free to indicate on the sign up sheet on the office bulletin board when you could meet with me for any questions or discussions. If I get tied up, I will make an extra effort to meet with you at a mutually agreeable time.

"Sincerely yours,
"/s/   Wm. E. Lockhart, Superintendent"

The position taken by plaintiff, as we understand it from his brief, is that the two blank lines in the contract create an ambiguity, or indicate an omission; that the teaching assignments stated in the superintendent's letter should have been inserted in the blank lines; and that he should be allowed to supply the omission by parol testimony.

Plaintiff cites decisions of this court to the effect that parol evidence is admissible to supply an omission in a written contract such as in *Gibbs v. Erbert*, 198 Kan. 403, 424 P. 2d 276, where it was held:

"Where a written contract is incomplete or silent in some essential point incident thereto, parol evidence is admissible to aid in its construction or to show the complete agreement of the parties of which the writing is only a part." (Syl. ¶ 3.)

As an abstract principle of law, the correctness of the rule cited by plaintiff must be conceded, but it is inapplicable with respect to the instant contract. Given the most favorable interpretation, the plaintiff's petition and attached exhibits fail to show any ambiguity or omission.

Plaintiff executed the contract after receiving the superintendent's letter and his alleged subsequent conversation with the superintendent. The defendant board expressly reserved the right to assign the teacher in the contract provision:

"The board reserves the right to assign said teacher to such building and work as the best interest of the schools of the district require."

The pleadings and exhibits clearly show that negotiations culminated in the contract executed. While parole evidence may be relied upon to clarify an ambiguity it may not be used to nullify a clear and positive provision of the writing, such as plaintiff attempts by way of the alleged understanding with the superintendent.

An applicable statement is found in *Weiner v. Wilshire Oil Co.*, 192 Kan. 490, 389 P. 2d 803:

". . . If a written contract is actually ambiguous concerning a specific matter in the agreement, facts and circumstances existing prior to and contemporaneously with its execution are competent to clarify the intent and purpose of the contract in that regard, but not for the purpose of varying and nullifying its clear and positive provisions. (citing cases)." (p. 496.)

Plaintiff's attempt to alter the contract by inserting his alleged oral understanding with the superintendent, as to the assigned subject, would have the effect of directly nullifying the provision of the contract by which the board expressly reserved the right to assign teachers "as the best interest of the schools of the district require."

The contract is complete on its face. The teacher is obliged to teach all days when school is regularly scheduled. The fact that the two lines following the obligation "To perform such school services as may be mutually agreed upon" were left blank merely indicates that there were no additional school services mutually agreed upon. Even if the assignments, listed in the superintendent's letter, were inserted in the two blank lines, as plaintiff urges, the contract, nevertheless, would remain the same because of the board's expressly reserved right to assign appearing in the following provision.

Moreover, the cautious commitments, with respect to assignments, by the superintendent in his letter are entirely consistent with the board's reservation in the contract of the right to make teaching assignments. Regardless of whatever oral negotiations plaintiff may have had with the superintendent, the written agreement subsequently entered into constitutes the contract between plaintiff and defendant and determines their rights.

In *Arensman v. Kitch*, 160 Kan. 783, 165 P. 2d 441, it was said:

"No doctrine is better established or more frequently applied than the one that where parties have carried on negotiations, and have subsequently entered into an agreement in writing with respect to the subject matter covered by

such negotiations, the written agreement constitutes the contract between them and determines their rights. (citing cases.)" (p. 789.)

Plaintiff contends that defendants' motion should not have been sustained at such an early stage in the litigation. He argues that he should have been permitted to show that there existed an oral agreement relative to the courses to be taught by him.

As we have previously noted, plaintiff's petition, given the most favorable interpretation, established no basis for the admission of parol evidence in this case. The parol evidence rule is not a rule of evidence, but of substantive law. Its applicability is for the court to determine, and when the result is reached, it is a conclusion of substantive law. (*In re Estate of Goff*, 191 Kan. 17, 379 P. 2d 225; *Phipps v. Union Stock Yards Nat'l Bank*, 140 Kan. 193, 34 P. 2d 561.)

In an action on a written contract it is the duty of the court to examine the contract sued upon and determine in the first instance whether an ambiguity appears, which function is performed by the application of pertinent rules of interpretation to the face of the instrument. Ambiguity does not appear until the application of those rules to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning (*Simonich, Executrix v. Wilt*, 197 Kan. 417, 417 P. 2d 139.)

When a motion to dismiss under K. S. A. 60-212 (*b*) (6), [now 1969 Supp.], raises an issue concerning the legal sufficiency of a claim, the question must be decided from the well-pleaded facts of plaintiff's petition. The motion in such case may be treated as the modern equivalent of a demurrer. (*Gardner v. McDowell*, 202 Kan. 705, 451 P. 2d 501; *Parker v. City of Hutchinson*, 196 Kan. 148, 410 P. 2d 347.)

In the instant case, the facts pleaded clearly fail to show a breach of contract. In order to establish his dismissal, as a breach of the contract, plaintiff would first have to alter the written contract by inserting the alleged oral understanding which would in effect nullify a clear and definite provision of the contract. This, as a matter of law, plaintiff is not permitted to do.

Since no competent evidence could have been offered to show that the board agreed not to exercise an expressly reserved right, no breach of contract could have been established. Therefore, the trial court correctly sustained defendants' motion to dismiss.

The judgment is affirmed.