No. 46,378

CURTIS DEAN FOX, A Minor, By and Through His Father and Next Friend, Wagoner Fox, *Appellant*, v. CITY OF OVERLAND PARK, KANSAS, *Appellee*.

(499 P. 2d 524)

Opinion filed July 19, 1972.

*Richmond M. Enochs*, of Wallace, Saunders, Austin, Allen, Brown and Enochs, of Overland Park, argued the cause, and was on the brief for appellant.

*Lawrence E. Sheppard*, of Overland Park, argued the cause, and was on the brief for the appellee.

*Per Curiam:* On June 6, 1969, appellant filed notice of a claim for damages for personal injuries with the city clerk of Overland Park, Kansas. The injury to appellant occurred on May 18, 1968, when appellant rode his bicycle on the city streets and struck a hole. Appellant is a nine-year-old child. On April 29, 1970, appellant filed suit in the district court of Johnson County on the claim. Appellee moved for dismissal pursuant to K. S. A. 12-105, a statute governing the timely filing of claims of injured persons against a city. The statute required that a written notice of the claim must be filed with the city clerk within a period of three months after the injury occurred. The statute was amended in 1970.

After a hearing, the case was dismissed by the district court because of failure to comply with K. S. A. 12-105. Appellant appealed to this court.

Appellant contends that the suit should not have been dismissed because he is a minor child and the statute should not operate against him as to the time for filing of his claim.

The law is well settled in this area. In *Workman v. City of Emporia*, 200 Kan. 112, 434 P. 2d 846, this court held that a timely filing of a written statement of a personal injury claim pursuant to K. S. A. 12-105 is a condition precedent necessary to sue a city in tort.

Appellant did not file within the three month period under the statute. This is not in question. The rule of *Workman* follows a long line of Kansas cases cited in the appellee's brief.

In *Dechant v. City of Hays*, 112 Kan. 729, 212 Pac. 682, the statute

was held to apply equally to minors and adults. The same holding was made in *Thomas v. City of Coffeyville*, 145 Kan. 588, 66 P. 2d 600.

This case presents no new question of law and the decision of the district court is affirmed.