No. 48,946

MARGARET L. DOBBYN, *Appellant,* v. MARGENE NELSON, G. JAY RAUSCH and VIRGINIA QUIRING, *Appellees.*

(587 P.2d 315)

Opinion filed December 9, 1978.

*Charles S. Scott,* of Scott, Scott, Scott & Scott, of Topeka, argued the cause and was on the brief for the appellant.

*Howard Harper,* of Harper & Hornbaker, Chartered, of Junction City, and *Richard H. Seaton,* of Manhattan, argued the cause and were on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: A petition for review was granted by this court from a decision of the Court of Appeals, *Dobbyn v. Nelson,* 2 Kan. App. 2d 358, 579 P.2d 721 (1978). The issues to be decided are, (1) whether the District Court of Riley County, Kansas, correctly determined that the publication of an alleged libelous letter enjoyed a conditional privilege, and (2) whether the plaintiff when confronted with a motion for summary judgment came forward with a showing of actual malice.

The Court of Appeals in affirming the trial court determined that summary judgment for defendants was proper. It applied the holding of this court in *Senogles v. Security Benefit Life Ins. Co.,* 217 Kan. 438, Syl. ¶ 3, 536 P.2d 1358 (1975). It found the publication of the letter was among equally interested parties having a corresponding interest or duty, and that the same enjoyed a conditional privilege as a matter of law. It further examined the record on appeal and found that the plaintiff when confronted with the motion for summary judgment was unable to come forward with any showing of actual malice.

We have carefully examined the record on appeal from the trial court and agree that the publication of the letter under the admitted facts and circumstances of this case enjoyed a qualified privilege, there was no source of evidence of actual malice indicated by deposition or otherwise, and summary judgment in favor of the defendants and each of them was proper.

We have examined the opinion of the Court of Appeals referred to above. In light of the issues presented we approve and adopt the opinion as written. The judgment of the district court is affirmed on the basis of that opinion.