(592 P.2d 113)

No. 50,782

DAVID W. CARSON, individually, and DAVID W. CARSON as trustee for BARBARA I. FIELDS, HERBERT W. FIELDS, JOHN G. FIELDS, LEE A. FIELDS, EDWIN H. FIELDS and BRIAN W. FIELDS, Minors, *Appellants,* v. ROBERT EBERTII, *Appellee.*

# ORDER

*En Banc*

FOTH, C.J.: This is an application to reinstate an appeal purportedly dismissed by the district court under Rule No. 5.051 (224 Kan. iv, Advance Sheet No. 4). Because the proceedings below reflect an apparent misapprehension of that and related rules governing appellate practice which may be widespread, we take this occasion to set out for the benefit of the bench and bar our interpretation of those rules, particularly as applied to this case.

We are not concerned with the underlying facts or the merits, but only with the events surrounding the entry of judgment and the taking of the appeal. The chronology is as follows:

December 20, 1978, trial court filed Memorandum Decision, to be effective on filing of Journal Entry.

December 26, 1978, Notice of Appeal filed in district court (having previously been served).

January 16, 1979, Journal Entry filed in district court.

January 19, 1979, appellee's Motion to Dismiss under Rule No. 5.051 filed in district court alleging failure to docket the appeal.

January 22, 1979, amended notice of appeal, making specific reference to Journal Entry, filed in district court (having been previously served).

January 23, 1979, appeal docketed in Court of Appeals.

January 26, 1979, appellee's motion to strike amended notice of appeal, filed in district court.

February 1, 1979, hearing in district court on appellee's motions.

February 22, 1979, Order of the district court purporting to dismiss the appeal.

March 2, 1979, Application to Reinstate Appeal filed in Court of Appeals.

The trial court's order of dismissal was wrong on two grounds: First, the district court had no jurisdiction to dismiss the appeal once it was docketed here, even if the docketing had been untimely. Second, the docketing was timely.

## 1. District Court Jurisdiction to Dismiss

In the absence of statute or rule giving district courts authority to dismiss appeals, the appellate court in which the appeal is pending has the exclusive responsibility for determining whether

its jurisdiction has been properly invoked. *Johnson v. Johnson,* 219 Kan. 190, Syl. ¶ 1, 547 P.2d 360 (1976). There is no statute granting such authority to district courts. Under the rules in effect prior to January 10, 1977, district courts had such authority in a limited area, which included abandonment of the appeal through inaction. *Johnson,* Syl. ¶ 2. Under the new rules of appellate practice, as they became effective January 10, 1977, there was no such authority. The result in a number of cases was an appeal in limbo, with a notice of appeal timely served and filed but no appeal docketed in the appellate court. The appellee in such a case was confronted with a dilemma: the district court had no jurisdiction to declare the appeal abandoned, and the appellate court couldn't act because the case was not before it.

To alleviate this situation the Supreme Court adopted Rule No. 5.051, effective September 14, 1978. The pertinent portion here is the first sentence: "The district court shall have jurisdiction to dismiss an appeal where the appellant has filed the notice of appeal in the district court but *has failed to docket the appeal* with the clerk of the appellate courts." (Emphasis added.)

It will be seen that the grant of jurisdiction under the rule is limited to that time after the appellant has filed a notice of appeal, but "has failed" to docket the appeal. Thus, once an appeal is docketed the rule has no further applicability and the district court no longer has jurisdiction to dismiss the appeal. In this case the appeal was docketed on January 23, 1979. It follows that the district court had no jurisdiction to enter the order of dismissal on February 22, 1979.

Under Rule No. 2.04 (223 Kan. xxxii) an appellant has ten days in which to docket the appeal. Assuming late docketing, the appellee's remedy after an appeal is docketed is a motion in the appellate court to dismiss under Rule No. 5.05 (223 Kan. xxxviii-ix) for substantial failure to comply with the rules. Such a motion is addressed to the sound discretion of the appellate court, in contrast to a Rule No. 5.051 motion where dismissal is mandatory if the appeal has not been docketed and the time for doing so has run.

## 2. Time for Docketing

When the trial court filed its Memorandum Decision of December 20, 1978, it specifically directed that judgment would be entered when a Journal Entry was filed. The Journal Entry was

not filed until January 16, 1979. Hence, when the first notice of appeal was served and filed in December there was no judgment to appeal from. K.S.A. 60-258. Had there been an attempt to docket the appeal at that time it would have been impossible to comply with Rule No. 2.04, which requires filing with the clerk of the appellate courts certified copies of both the notice of appeal and "the final order or decision appealed from." There being no judgment, there would have been no jurisdiction in this court, as will be discussed below.

The first notice of appeal, however, qualified as a "premature" notice under Rule No. 2.03 (223 Kan. xxxii). It was filed subsequent to the announcement of the district court of the judgment to be entered, but prior to the actual entry of judgment, and was sufficiently certain as to advise the appellee of the ruling to be reviewed on appeal. The Rule provides in that case: "Such advance filing shall have the same effect for purposes of the appeal *as if the notice of appeal had been filed simultaneously* with the actual entry of judgment, provided it complies with Sec. 60-2103(*b*)." (Emphasis added.)

The purpose of this rule and of its predecessor, former Rule No. 16 (214 Kan. xxxiii), is to avoid the result reached in *Roe Village, Inc. v. Board of County Commissioners*, 195 Kan. 247, 403 P.2d 970 (1965). There a notice of appeal was filed within thirty days of the trial court's memorandum decision but *before* judgment was entered by journal entry; no notice of appeal was filed *after* judgment was entered. The court said "[a]n appeal from a judgment not yet rendered presents nothing for judicial review." 195 Kan. at 250. The result was the dismissal of the appeal for lack of jurisdiction, even though the record and briefs had been filed and the parties had argued the merits.

Rule No. 2.03 serves as a savings clause; the overly cautious appellant who files his notice of appeal for fear his appeal time is running is protected from the *Roe Village* result. The last sentence of the rule, quoted above, provides the mechanics. In effect, the notice of appeal lies dormant until such time as judgment is entered pursuant to K.S.A. 60-258. Under the rule it then has the same effect "as if the notice of appeal had been filed simultaneously with the actual entry of judgment." The time for docketing the appeal with the clerk of the appellate courts therefore begins to run when the journal entry or judgment form is filed in the

district court, since that is the time the notice of appeal is deemed to have been filed. (The same rule applies to other acts geared to the time the notice of appeal is filed, such as ordering the transcript or filing appellant's brief where no transcript is required.)

Applying Rule No. 2.03 here, the first notice of appeal is to be viewed "as if" it had been filed "simultaneously" with the Journal Entry in which judgment was rendered, *i.e.*, on January 16, 1979. Under Rule No. 2.04, the appeal was to be docketed within ten days after filing in the district court. Since the notice was *deemed* to have been filed on January 16, the last day for docketing was January 26, 1979. The appeal was in fact docketed on January 23, 1979, well within the time allowed.

The ultimate result is that this appeal was timely docketed. More important, the trial court's order of dismissal was entered without jurisdiction and is a nullity, and the present application for reinstatement was therefore unnecessary.

It is therefore ordered that this appeal proceed as if the trial court's order of dismissal had not been entered.