(620 P.2d 837)
No. 50,765

HARLYN P. KNIGHT, *Appellant,* v. NEODESHA, KANSAS, POLICE DEPARTMENT, *et al., Appellees.*

Opinion filed October 10, 1980.

*Harlyn P. Knight,* of Neodesha, appellant pro se.

*Albert Poznik,* of Neodesha, for appellee Neodesha, Kansas, Police Department and, unless otherwise noted, in their official capacity only for appellees Thomas H. Prunier, chief of police, Bobby L. Olive, policeman; Robert C. Ramey, policeman; Forest Tincknell, policeman; Ray Anderson, policeman and individual; John F. Fenner, police judge and individual; Albert Poznik, city attorney and individual; Mrs. Albert (Bernice I.) Poznik, individual; Richard Thrasher, Neodesha city commissioner; Harry L. Allen, Neodesha city commissioner and individual; Dr. Charles A. Koger, Neodesha mayor; and Jerry Goodwin, policeman and individual.

*David K. Clark,* of Fredonia, for appellees Mrs. Thomas H. (Carol) Prunier, Bobby L. Olive, Robert Ramey, Harry Bisnett, Forest Tincknell, Richard Thrasher and Dr. Charles A. Koger.

*Richard L. Helms,* of Jones & Dearth, Chartered, of Parsons, for appellee Laurel McClellan, Wilson county attorney.

*Thomas A. DeVore* and *Jack L. Lively,* of Hall, Levy, Lively & Viets, of Coffeyville, and *Richard G. Oliver,* of Neodesha, for appellees Lawrence H. Tucker and Shari B. Tucker, d/b/a Neodesha Daily Sun newspaper.

*William D. Biles* and *Janet A. Chubb,* assistant attorneys general, and *Robert T. Stephan,* attorney general, for appellees Curt T. Schneider, William Albott, Ronald M. Klingenberg and Buddy Handshy.

Before Abbott, P.J., Rees and Parks, JJ.

Abbott, J.: This is an appeal by the plaintiff, Harlyn P. Knight, from a judgment dismissing his lawsuit against all defendants for failure to state any claims on which relief may be granted. K.S.A. 60-212(*b*)(6). Knight sued most of the twenty-one named individuals both in their individual and official capacities and named the Neodesha City Police Department and the Neodesha Daily Sun newspaper as defendants.

The petition alleges a number of incidents and complaints against public officials ranging from local to state officials. The fourteen-page petition is confusing and repetitious and defies structured analysis in the traditional manner. We will attempt to give some background to the suit, handle the legal issues common to all of the defendants, and then dispose of each of the remaining issues against named defendants on an individual basis.

The allegations cover fourteen pages of legal size paper and defy condensation. Generally, the principal allegations of the petition involve conspiracy, various abuses against plaintiff and others, misconduct concerning public elections, a dog bite case with both civil and criminal charges arising therefrom, complaints of various traffic charges, libel and slander, and the failure of public officers to carry out their duties (at least what plaintiff perceives to be their duties). There are also a number of other allegations.

Plaintiff further filed an affidavit of prejudice that sought to disqualify all of the judges in the Eleventh Judicial District of Kansas. The departmental justice then assigned the case to the Honorable Robert F. Stadler (now deceased).

All of the defendants filed motions to dismiss the petition on

the theory that it failed to state any claim upon which relief could be granted. No discovery was made, and no evidence was presented to the trial court. The plaintiff appeared and orally presented his petition and attempted to clarify it. Plaintiff appeals the judgment dismissing his petition, contending (1) that the trial court erred in dismissing plaintiff's claims, and (2) that the trial judge should have recused himself and plaintiff was prejudiced by improper conduct on the part of the trial judge.

Our scope of review is well defined. Illustrative of that scope of review is *Weil & Associates v. Urban Renewal Agency,* 206 Kan. 405, 413-14, 479 P.2d 875 (1971), wherein the Supreme Court said:

"In *Robertson v. McCune,* 205 Kan. 696, 472 P.2d 215, we considered the scope of a motion to dismiss and said:

" 'When a motion to dismiss under K.S.A. 60-212(*b*)(6)  .  .  .  raises an issue concerning the legal sufficiency of a claim, the question must be decided from the well-pleaded facts of plaintiff's petition. The motion in such case may be treated as the modern equivalent of a demurrer.' (p. 700.)

"Obviously, disputed issues of fact cannot be resolved or determined on a motion to dismiss for failure of the petition to state a claim upon which relief can be granted. The question for determination is whether in the light most favorable to plaintiff, and with every doubt resolved in plaintiff's favor, the petition states any valid claim for relief. Dismissal is justified only when the allegations of the petition clearly demonstrate plaintiff does not have a claim.

"The thrust of the foregoing is the court must accept the plaintiff's description of that which occurred, along with any inferences reasonably to be drawn therefrom. However, this does not mean the court is required to accept conclusory allegations on the legal effects of events the plaintiff has set out if these allegations do not reasonably follow from the description of what happened, or if these allegations are contradicted by the description itself (see 5 Wright & Miller, Federal Practice and Procedure, § 1357)."

It is not necessary to spell out a legal theory for relief so long as an opponent is apprised of the facts that entitle the plaintiff to relief. *Febert v. Upland Mutual Ins. Co.,* 222 Kan. 197, 199, 563 P.2d 467 (1977). The court is under a duty to examine the petition to determine whether its allegations state a claim for relief on any possible theory. *Monroe v. Darr,* 214 Kan. 426, Syl. ¶ 3, 520 P.2d 1197 (1974).

Plaintiff begins his petition by charging all of the defendants collectively with participating in a civil conspiracy to deprive plaintiff of his rightful services from public officials. Although Kansas has recognized civil conspiracy as an actionable tort (see *Citizens State Bank v. Gilmore,* 226 Kan. 662, 671, 603 P.2d 605

[1979]), conspiracy does not become actionable without the commission of some wrong that would give rise to a cause of action independent of the conspiracy. 15A C.J.S., Conspiracy § 8. In *Nardyz v. Fulton Fire Ins. Co.,* 151 Kan. 907, 101 P.2d 1045 (1940), the Kansas Supreme Court, following 15 C.J.S., Conspiracy § 25, p. 1037 (1939), stated at page 911:

" 'The conspiracy, not being the gravamen or gist of the action . . . . an allegation of conspiracy does not in and of itself allege a cause of action . . . an allegation of conspiracy does not warrant a recovery, if there is no right of action independent of the conspiracy.' "

For example, a conspiracy to defame or injure the reputation or social standing of a plaintiff is actionable; but, since the gist of a civil action for conspiracy to defame is the defamation itself, it follows that if no action could have been maintained for the alleged defamation, no action can be maintained for the conspiracy to defame. Thus, the question of whether a cause of action has been stated depends in large part upon the underlying torts alleged against the individual defendants.

Several of the defendants have argued that this Court has no jurisdiction to hear this appeal because they filed a motion to dismiss the appeal in the district court prior to the docketing of this appeal. This Court allowed plaintiff to docket his appeal out of time, and once the appeal was docketed the district court lost jurisdiction to rule on the motion to dismiss. *Carson v. Eberth,* 3 Kan. App. 2d 183, 185, 529 P.2d 113 (1979).

The remaining issues will be disposed of as applicable to the individuals.

LAUREL MCCLELLAN.

Plaintiff charged Laurel McClellan, the Wilson county attorney, with malicious prosecution for prosecuting plaintiff for knowingly harboring a dangerous and vicious animal. He further charges McClellan intentionally failed to adequately investigate terroristic threats made to plaintiff and the alleged beatings of several Neodesha juveniles by the Neodesha police.

These counts were all properly dismissed. A prosecutor has absolute immunity from common law suits for malicious prosecution. *Imbler v. Pachtman,* 424 U.S. 409, 422-24, 47 L.Ed.2d 128, 96 S.Ct. 984 (1976); *Sampson v. Rumsey,* 1 Kan. App. 2d 191, 195, 563 P.2d 506 (1977). Likewise, the power of the county attorney to investigate alleged violations within his jurisdiction is

unquestionable, and his motive in so doing may not be the subject of a lawsuit against him. A county attorney has absolute immunity for his conduct in investigations. *Sampson* at 197. This immunity also applies to a prosecutor's decision *not* to act as well as his decision to file charges. *Wilson v. Sharp,* 42 Cal. 2d 675, 679, 268 P.2d 1062 (1954). The trial court did not err in dismissing the petition as to Laurel McClellan.

THE CITY OF NEODESHA POLICE DEPARTMENT.

Plaintiff includes the City of Neodesha in his lawsuit along with the individual officers against whom he levels specific allegations. This charge was properly disposed of by motion to dismiss, given plaintiff's failure to file a timely notice of claim pursuant to K.S.A. 12-105, which was in effect at all times material to this decision. *Fox v. City of Overland Park,* 210 Kan. 16, 499 P.2d 524 (1972).

MUNICIPAL JUDGE JOHN F. FENNER.

Plaintiff's claims against Judge Fenner fail for two reasons. First, plaintiff is not the real party in interest; his son, an adult at the time this action was commenced, is the real party in interest. Secondly, judges are immune from damages for acts committed within their judicial jurisdiction. *Pierson v. Ray,* 386 U.S. 547, 554, 18 L.Ed.2d 288, 87 S.Ct. 1213 (1967). See *Stump v. Sparkman,* 435 U.S. 349, 355-56, 55 L.Ed.2d 331, 98 S.Ct. 1099 (1978). The rules granting immunity to judicial officers for official acts performed within the scope of their jurisdictions apply not only to judges of courts of general jurisdiction but to those of limited jurisdiction, including city magistrates. *Holland v. Lutz,* 194 Kan. 712, 716, 401 P.2d 1015 (1965).

CURT SCHNEIDER, ATTORNEY GENERAL; ALBERT POZNIK, NEODESHA CITY ATTORNEY; COL. WILLIAM ALBOTT, DIRECTOR, KANSAS BUREAU INVESTIGATION; RONALD KLINGENBERG, SPECIAL AGENT, KANSAS BUREAU INVESTIGATION.

Plaintiff complains that these defendants wilfully refused to take action and investigate alleged terroristic threats against plaintiff. He also contends that these defendants failed to investigate alleged incidents of police brutality against his son and several other young men of Neodesha. Again, plaintiff's son is not a party to this lawsuit, and plaintiff offers no explanation as to his capacity to bring an action for the other young men. An action shall be prosecuted in the name of the party who, by the sub-

stantive law, is the real party in interest. *Henderson v. Hassur,* 225 Kan. 678, Syl. ¶ 1, 594 P.2d 650 (1979). The trial judge correctly dismissed any actions that plaintiff alleged in behalf of his son and the other young men.

Plaintiff's claim that the defendants failed to investigate several alleged terroristic threats against plaintiff was also properly dismissed. Curt Schneider, acting in his capacity as attorney general, and Albert Poznik, acting in his capacity as city attorney, enjoy absolute immunity in deciding whether or not to conduct an investigation. *Wilson v. Sharp,* 42 Cal. 2d at 679; *Sampson v. Rumsey,* 1 Kan. App. 2d at 195. Does that immunity extend to an investigator working under the attorney general? This question was addressed in the context of a federal civil rights suit in *Atkins v. Lanning,* 556 F.2d 485, 488-89 (10th Cir. 1977):

"In *Waits v. McGowan,* 516 F.2d 203 (3rd Cir. 1975), the court of appeals held at page 207:
" 'An investigator directly employed by the district attorney to do a particular investigative job related to the prosecution of an accused is not the equivalent of the ordinary police officer, who is empowered by the state to initiate discretionary acts depriving others of their rights and whose many activities in the prevention of crime and enforcement of law need not be related to the judicial process.'
"As to the district attorney's investigators, it would hardly seem reasonable to exculpate the district attorney and to not immunize his underlings. See *Guerro v. Mulhearn,* 498 F.2d 1249 (1st Cir. 1974); *Lewis v. Brautigam,* 227 F.2d 124 (5th Cir. 1955). The cases cited by the district court involve police officers or police investigators: *Scheuer* [*v. Rhodes,* 416 U.S. 232, 40 L.Ed.2d 90, 94 S.Ct. 1683 (1974)], involved the executive branch of government, not the judicial branch. The situation is different where the district attorney's staff (who are inextricably tied to the quasi-judicial process of initiating, preparing, and presenting a case) have made an error than it is when the police have carelessly or falsely arrested or injured someone."

Based on the rationale of *Atkins,* it appears that prosecutorial immunity may extend to Kansas Bureau of Investigation (KBI) personnel, at least insofar as it involves investigatory functions for the attorney general. The KBI is actually a division of the attorney general's office and is under the jurisdiction of the attorney general. K.S.A. 1979 Supp. 75-711. The powers and duties of the bureau are described in K.S.A. 75-712, which states:

"It shall be the duty of the members of the bureau to make full and complete investigations at the direction of the attorney general. Each member of the bureau shall possess all powers and privileges which are now or may be hereafter given to the sheriffs of the state of Kansas. The bureau shall be vested with the duty of acquiring, collecting, classifying, and preserving criminal identification and other

crime records, and the exchanging of said criminal identification records with the duly authorized officials of governmental agencies, of states, cities and penal institutions. Reports of all investigations made by the members of the bureau shall be made to the attorney general of the state of Kansas."

It appears that the KBI's function is more analogous to that of a district attorney's investigator than to the function of the police department. In this case, the bureau investigated at the direction of the attorney general, a quasi-judicial function to which immunity should apply. The bureau's failure to take action evidently resulted because the attorney general, in his discretion, decided not to pursue an investigation. This being the circumstance, the attorney general's prosecutorial immunity should extend to defendants Albott and Klingenberg.

DR. CHARLES A. KOGER, NEODESHA MAYOR; HARRY ALLEN, NEODESHA CITY COMMISSIONER.

Plaintiff charges these defendants with wilful failure to take action in the face of plaintiff's allegations of police brutality. While it is clear that these defendants could not be vicariously liable for the alleged brutality by the officers (*Gardner v. McDowell*, 202 Kan. 705, 710, 451 P.2d 501 [1969]), plaintiff appears to be pleading that these defendants failed to investigate the plaintiff's charges of police brutality to his son and several other Neodesha youths, and they failed to exercise their supervisory authority. Once again, plaintiff's son is not a party to this appeal, and plaintiff has demonstrated no legal capacity to bring an action on behalf of the other young men.

BERNICE I. POZNIK.

Plaintiff claims that this defendant committed a tort against plaintiff when, allegedly using an assumed name, she wrote a letter to the editor of the Neodesha Daily Sun newspaper, promoting the recall of Neodesha's then mayor. Plaintiff alleges that as a result of this action, defendant promoted "considerable disturbance" within the community and caused plaintiff's home to be burned. The petition does not allege that defendant's letter was defamatory. Without such a claim, defendant's letter to the newspaper is protected speech under the First and Fourteenth Amendments. Fair editorial comment is protected by the constitutional guarantee of free speech. *Local Union No. 795 v. Kansans for the Right to Work*, 189 Kan. 115, 125, 368 P.2d 308 (1962). Furthermore, the alleged purpose for the letter (the recall of the mayor) is a protected constitutional right. In addition, the mere

allegation of a conspiracy does not constitute a tort unless there exists a well-pleaded independent tort upon which liability may be premised. 15A C.J.S., Conspiracy § 16, pp. 646-47.

LAWRENCE H. TUCKER, SHARI B. TUCKER, d/b/a NEODESHA DAILY SUN NEWSPAPER, AND THOMAS H. PRUNIER.

Liberally construing plaintiff's petition, it appears he is claiming that between April 1, 1976, and November 1, 1977, these defendants knowingly published false and libelous stories about plaintiff that they obtained from Thomas H. Prunier, the Neodesha chief of police. Intentional publication of stories known to be false constitutes malice and defeats any qualified privilege the newspaper may have possessed. *Dobbyn v. Nelson,* 2 Kan. App. 2d 358, 360-62, 579 P.2d 721, *aff'd* 225 Kan. 56, 587 P.2d 315 (1978).

These defendants argue that plaintiff's petition must fail because it alleges libel and slander *per quod,* but fails to allege special damages. See *Henderson v. Ripperger,* 3 Kan. App. 2d 303, 306-07, 594 P.2d 251 (1979). The petition, however, states many special damages (*i.e.,* failure to receive city services, doctor's refusal to treat plaintiff, house burned down) and this is particularly true in light of the posture of the case. *Karrigan v. Valentine,* 184 Kan. 783, 788, 339 P.2d 52 (1959).

Apparently, the district judge's dismissal of plaintiff's charge of defamation was based on authority of *Schulze v. Coykendall,* 218 Kan. 653, Syl. ¶ 2, 545 P.2d 392 (1976) that "[a] petition for libel and slander must set forth the alleged defamatory words spoken or published, the names of those persons to whom they were spoken or published and the time and place of their publication." While it is true plaintiff has not complied with the *Schulze* rule, this does not give the district judge full discretionary power to dismiss the action. In *Rinsley v. Frydman,* 221 Kan. 297, 559 P.2d 334 (1977), the Supreme Court elaborated on *Schulze* at pages 301-02:

"The appellee relies upon *Schulze v. Coykendall,* 218 Kan. 653, 545 P.2d 392, for the proposition that a petition for libel and slander must set forth the alleged defamatory words spoken or published, the names of those persons to whom they were spoken or published and the time and place of their publication.

"In the opinion of *Schulze v. Coykendall,* supra, the court recognized that with the advent of the rules of civil procedure on January 1, 1964, notice pleading was authorized. That is, a pleading need only contain '(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for

judgment for the relief to which the pleader deems himself or herself entitled.' (K.S.A. 60-208[*a*]; and *Malone v. University of Kansas Medical Center,* 220 Kan. 371, 373, 552 P.2d 885.) There is no requirement to state facts sufficient to constitute a cause of action. (See 2A Moore's Federal Practice, para. 8.13 [2d Ed. 1976].) All the rules require is a short and plain statement of a claim that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. (*Conley v. Gibson,* 355 U.S. 41, 47, 2 L.Ed.2d 80, 78 S.Ct. 99.)

"A different rule is applied when one pleads special matters. K.S.A. 60-209(*j*) provides in part:

" 'In an action for libel or slander, it shall not be necessary to state in the petition any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the claim arose, but it shall be sufficient to state generally that the same was published or spoken concerning the plaintiff; and if such allegation be not controverted in the answer, it shall not be necessary to prove it on the trial; in other cases it shall be necessary. . . .'

"The court in *Schulze v. Coykendall,* supra, was careful to set out the provisions of K.S.A. 60-212(*e*), which provides:

" 'If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleadings. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the judge is not obeyed within ten (10) days after notice of the order or within such time as the court may fix, the judge may strike the pleading to which the motion was directed or make such order as he deems just.'

While the rule asserted by the appellee is correct, it requires a motion by the defendant under 60-212(*e*), *supra,* to give it substance and compel compliance. This requirement was met in *Schulze v. Coykendall,* supra, where the court said:

" 'In the present case the motion for summary judgment had the effect of a motion for a more definite statement authorized by K.S.A. 1975 Supp. 60-212(*e*) in that plaintiff was directed to furnish the necessary information within 15 days after the order on the renewed motion for summary judgment. An examination of both the plaintiff's deposition and the memorandum indicates that plaintiff failed or refused to disclose this necessary information. . . .' (p. 658.)"

In the present case, these defendants filed a motion for a more definite statement which was coupled with a motion to dismiss and to strike. In his response, plaintiff resisted the motion and the trial judge did not order plaintiff to plead more specific facts. We are of the opinion the district judge erred insofar as Lawrence H. Tucker and Shari B. Tucker, d/b/a Neodesha Daily Sun newspaper, and Thomas H. Prunier are concerned in not first ordering plaintiff to comply with the motion for more definite statement before he dismissed the petition for failure to state a claim upon which relief could be granted. We note the petition alleges publication of the defamatory statements between April 1, 1976, and November 1, 1977. It thus appears that even when the

pleadings are made more definite and certain, either by an amended petition or by discovery, the statute of limitations may bar all or at least a portion of the libel claim (K.S.A. 60-514) since this action was not filed until April 5, 1978.

Plaintiff also complains of the defendants' practice of issuing a special edition of the newspaper the day before an election which included editorial comments favoring some candidates. A newspaper, as does a person, has a constitutional right to fair editorial comment, and clearly no legal rights of plaintiff's were violated and he has no cause of action against defendants for this conduct.

CAROL PRUNIER.

Plaintiff's lone claim against this defendant is that she "made abusive and damaging remarks before several witnesses on or about April, 1976." Whether these remarks were actionable or not is irrelevant since K.S.A. 60-514 requires actions for slander to be brought within one year of the making of the defamatory statements. *Vaughan v. Hornaman,* 195 Kan. 291, Syl. ¶ 2, 403 P.2d 948 (1965). Plaintiff did not file this action until April 5, 1978. Since plaintiff's claim against defendant was barred by law, her motion to dismiss was properly granted.

RICHARD THRASHER.

Plaintiff complains that this defendant, a Neodesha city commissioner, was riding in a car driven by the chief of police when allegedly the car was recklessly driven so that it slung gravel at plaintiff and his passengers. Plaintiff does not allege that defendant in any way participated in the incident, but states only that defendant was riding in the car at the time of the incident. Although plaintiff has charged all of the defendants with general political conspiracy, this allegation still fails to tie defendant to the purported acts of Tom Prunier in slinging gravel at plaintiff. Plaintiff must at least allege that this defendant was a participant of some sort in the incident and not just make a general statement that he was present at the time of the occurrence. The alleged cause of action against this defendant was properly dismissed.

BUDDY HANDSHY.

Plaintiff complains that Kansas Highway Patrolman Buddy Handshy "brutally abused" Robert Campbell, one of plaintiff's acquaintances. Plaintiff has pled no valid reason why he is entitled to bring this suit in his name. His claim against defendant Handshy was properly dismissed on the grounds plaintiff was

not the real party in interest. *Henderson v. Hassur,* 225 Kan. 678, Syl. ¶ 1.

THOMAS H. PRUNIER, BOBBY L. OLIVE, ROBERT RAMEY, HARRY BISNETT, FOREST TINCKNELL, RAY ANDERSON, JERRY GOODWIN.

Plaintiff charges these Neodesha police officers with various acts of brutality and harassment. While many of the allegations are not actionable for a variety of reasons, plaintiff states at least one valid claim against all of them. Plaintiff accuses all of these defendants of police harassment in the nature of an invasion of his privacy by their various surveillance-type tactics. Police officers are personally liable when they maliciously or wantonly injure a person. *Bradford v. Mahan,* 219 Kan. 450, 454, 548 P.2d 1223 (1976). Liberal construction of plaintiff's pleadings requires this Court to order that these defendants be reinstated in the action. Plaintiff raised several other valid causes of action against some of these officers. They consist of the alleged actions of Thomas Prunier and Bobby Olive to have plaintiff's home set on fire, the alleged terroristic threat to plaintiff made by Thomas Prunier, Bobby Olive and Jerry Goodwin, and the alleged libel of Thomas Prunier by causing false stories about plaintiff to be published, as well as the alleged vandalism to plaintiff's place of business.

Several claims against these officers are without legal merit. Jerry Goodwin's alleged remark of March 8, 1977, whether defamatory or not, is barred by the one-year statute of limitations. The alleged "brutal abuse" of plaintiff's son, Robert Campbell and others by Robert Ramey, Harry Bisnett and Bobby Olive may not be brought by this plaintiff. Finally, the claims of misappropriation of public funds, falsifying records and improper appointment of the assistant chief of police may not be brought by plaintiff absent some showing that he has been uniquely affected by the acts. In *Rowlands v. State,* 187 Kan. 174, 176, 354 P.2d 674 (1960), the Supreme Court stated:

> "This court has stated on many occasions that an action to compel, restrain or question the exercise of power or authority by a governmental agency or public officer, can be brought only by the state with the attorney general or a county attorney as relator, or by an individual who shows an injury or interest specific and peculiar to himself, and not one he shares with the community in general."

Plaintiff pled no peculiar injury or interest which would entitle him to bring such a suit. The complaint against Prunier and

others concerning the gravel being thrown at plaintiff on April 6, 1976, is barred by K.S.A. 60-514 if brought on an assault theory; and if it was brought on a negligence theory, as we believe it was, plaintiff has not alleged a compensable injury.

ALLEGED PREJUDICE OF JUDGE STADLER.

Plaintiff complains that the district judge was prejudiced against him because plaintiff's twin brother had been before the same judge and allegedly had angered the judge. While it is true a judge has inherent power to recuse himself in any particular case (*Hulme v. Woleslagel,* 208 Kan. 385, 394, 493 P.2d 541 [1972]), a party may seek a judge's removal *only* through the use of the statutory procedure set out in K.S.A. 1979 Supp. 20-311d. Plaintiff had already obtained one change of judge (from Judge Donaldson to Judge Stadler). According to K.S.A. 1979 Supp. 20-311f(*a*), "[n]o party shall be granted more than one change of judge in any action." In any event, plaintiff filed no affidavit of prejudice against Judge Stadler. When no affidavit is filed, a motion for change of judge is insufficient and must fail. *State v. Knight,* 219 Kan. 863, 868, 549 P.2d 1397 (1976).

Plaintiff also complains of misconduct by the judge that allegedly prejudiced his case. He alleges no specific instances of misconduct, and none are disclosed from our review of the record.

In summary, we note that we make no claim of having written on every possible issue raised by plaintiff's petition. We have examined the petition using the applicable scope of review, and the issues not specifically mentioned in this opinion were found to be without merit or barred by the applicable statute of limitations.

The trial court's judgment is affirmed as to the defendants City of Neodesha Police Department, Carol Prunier, Judge John F. Fenner, Albert Poznik, Bernice I. Poznik, Laurel McClellan, Ronald Klingenberg, Col. William Albott, Curt Schneider, Richard Thrasher, Buddy Handshy, Harry Allen and Charles A. Koger.

The judgment is reversed and remanded with directions to reinstate the alleged cause of action set forth hereafter against the following named defendants:

1. Lawrence H. Tucker and Shari B. Tucker, d/b/a Neodesha Daily Sun newspaper, and Thomas H. Prunier, alleged libel.

2. Thomas H. Prunier, Bobby L. Olive, Robert Ramey, Harry Bisnett, Forest Tincknell, Ray Anderson and Jerry Goodwin, invasion of privacy.

3. Thomas H. Prunier and Bobby L. Olive, burning of plaintiff's home.

4. Thomas H. Prunier, Bobby L. Olive and Jerry Goodwin, terroristic threat.

5. Thomas H. Prunier, vandalism to plaintiff's place of business.

Affirmed in part, reversed in part and remanded with directions.