(749 P.2d 46)

No. 60,406

Sharon K. Denno, *Appellee*, v. Ronald Denno, *Appellant*.

Opinion filed January 29, 1988.

*Lewanna Bell-Lloyd*, of Overland Park, for the appellant.

*J.R. Russell*, of Kansas City, for the appellee.

Before Briscoe, P.J., Six and Larson, JJ.

Briscoe, J.: Ronald Denno (husband) appeals from the district court's order establishing the value of certain marital assets.

## Jurisdiction

Sharon Denno (wife) contends this court is without jurisdiction to consider this appeal because the appeal was not timely filed.

On January 2, 1987, a notice of appeal was filed in this case appealing an April 22, 1986, decision. The April 22 decision had not been journalized when the notice of appeal was filed. As a result, this court issued a show cause order directing the parties to respond to whether the appeal should be dismissed as

interlocutory. After the show cause was issued, a journal entry was filed on March 13, 1987.

According to Supreme Court Rule 2.03 (1987 Kan. Ct. R. Annot. 7), a notice of appeal filed after the district court's announcement of its decision but before judgment is entered by journal entry is considered "premature." *Carson v. Eberth*, 3 Kan. App. 2d 183, Syl. ¶ 4, 592 P.2d 113 (1979). The notice of appeal lies dormant until judgment is entered. Under Rule 2.03, a notice of appeal prematurely filed has the same effect as though filed simultaneously with the actual entry of judgment. *Carson*, 3 Kan. App. 2d 183, Syl. ¶ 5. Therefore, although the notice of appeal was filed prematurely on January 2, 1987, it became effective on March 13, 1987, when the journal entry of judgment was filed. This court has jurisdiction to consider this appeal.

### Motion for Rehearing

The parties were divorced on July 26, 1982. According to the terms of their separation and property settlement agreement, the husband was awarded a lien on the house owned by the parties for one-half of the amount of the parties' equity. The lien was payable in full upon the occurrence of any one of four delineated events. The husband was also awarded an outdoor shed.

On January 15, 1986, the wife filed a motion asking the court to determine the value of the husband's lien as of February 8, 1986. In a letter decision on April 22, 1986, the court found the 1982 value of the house to be $18,750 and, due to improvements made in 1986, to have a present value of $22,800. The court also found the shed and its contents to have no value.

The husband raises three issues on appeal: (1) Whether there was substantial competent evidence to support the district court's valuation of the house; (2) whether there was substantial competent evidence to support the court's valuation of the shed and its contents; and (3) whether the court erred in refusing to consider the husband's motion for rehearing seeking rehearing of the court's April 22 findings. We need address only the third issue.

The husband moved for rehearing on May 2, 1986, and stated:

"In support of said motion it is shown to the Court that the findings made by the Court were not supported by the evidence, that the findings were, in fact,

contradictory to the evidence presented at the said hearing; that the petitioner presented no evidence to contradict that presented by the respondent and therefore, respondent is entitled to have the Court reconsider its decision or to rehear the post-trial motion."

Following the entry of his April 22 findings and upon motion by the husband, Judge Foster recused himself in a journal entry filed June 10. On July 14, the motion for rehearing was then taken under advisement by Judge Podrebarac. In a letter decision dated December 5, Judge Podrebarac refused to hear the motion. According to the judge, "a decision was made by Judge Foster and the only avenue is to appeal from that decision and . . . this court will not collaterally hear this matter when a decision has been made by a fellow judge." By this ruling, the court neither granted nor denied the motion, but apparently concluded it had no jurisdiction to consider it.

The husband argues that the court erred in refusing to consider the motion under K.S.A. 60-259(f). We agree.

While a motion for rehearing is not one of the motions expressly designated in K.S.A. 60-2103(a), the husband's motion in the present case stated specifically the alleged errors of the district court and the grounds he relied upon in challenging those errors. Looking through form to substance, we think the husband sought by this motion to alter or amend the judgment pursuant to K.S.A. 60-259(f). This same analysis was followed in *Ten Eyck v. Harp,* 197 Kan. 529, 533, 419 P.2d 922 (1966), where a motion for rehearing was treated as a motion to alter or amend judgment.

Although judgment has been entered, the trial court retains jurisdiction to consider a motion to alter or amend filed pursuant to K.S.A. 60-259(f). The purpose of K.S.A. 60-259(f) is to allow the trial judge the opportunity to correct prior errors. That opportunity looms even larger where the judge before whom the motion is pending is being asked to alter or amend the rulings of a judge who has recused himself or herself.

K.S.A. 1987 Supp. 20-311f provides that motions for change of judge may be filed in post-judgment proceedings. If, as the court here held, the new judge may not hear a motion for rehearing, the party is deprived of the benefit of the change of judge.

Since the issues presented in the motion for rehearing are

those contained in this appeal and we are remanding this case for the court's consideration of the motion for rehearing, it would not be appropriate for us to address those issues before they are addressed by the district court. We do note upon our review of the record that, although the district court relied upon Peter Jancich's appraisal in its valuation of the house, Jancich neither testified nor was his appraisal entered into evidence.

Reversed and remanded for further proceedings.