(858 P.2d 833)

No. 68,502

Jo Ann Sanders, *Appellant*, v. City of Kansas City, Kansas, *et al., Appellees.*

Cert. denied ___ U.S. ___ (May 2, 1994).

Opinion filed August 20, 1993.

*Paula A. Weaver*, of Kansas City, Missouri, and *Bryan E. Nelson*, of Alder & Nelson, of Overland Park, for appellant.

*Gail Christy*, assistant city attorney, for appellees.

Before Briscoe, C.J., Brazil and Rulon, JJ.

Rulon, J.: Jo Ann Sanders, plaintiff, appeals the district court's dismissal of her petition with prejudice for failure to produce documents pursuant to a discovery order entered in her action against the City of Kansas City, Kansas, *et al.*, defendants.

Two issues are before us: (1) whether this court has jurisdiction to hear this appeal, and (2) whether the district court erred in dismissing plaintiff's cause of action for failure to comply with a discovery order. We conclude this court has jurisdiction and affirm the judgment of the district court.

The essential facts are as follows:

In January 1991, plaintiff filed a petition in district court against the City of Kansas City, Kansas, a City code inspector, and two police officers, alleging violations of 42 U.S.C. § 1983 (1988), malicious prosecution, false arrest, false imprisonment, intentional infliction of emotional distress, conversion, defamation, libel, and slander.

As part of discovery in the case, defendants requested plaintiff to produce state and federal income tax returns. Plaintiff's counsel informed defendants' counsel that the tax returns would not be produced because such information was not relevant.

Eventually, defendants filed a motion to compel discovery, alleging plaintiff's failure to produce the returns. Defendants requested an order compelling production of the returns and other items. The district court held a discovery conference during which plaintiff agreed to produce portions of her 1989 state and federal income tax returns. The court permitted plaintiff to delete income data, but required plaintiff to leave address and residency information on the pages. All discovery was to be completed by April 3, 1992.

Defendants moved the district court for sanctions on March 4, 1992, for plaintiff's failure to comply with the discovery order. The motion sought dismissal of plaintiff's claims and attorney fees. The hearing on this motion was held March 20, 1992. Regarding production of the tax returns, plaintiff's counsel explained:

"MR. NELSON: Judge, on the income tax, I had asked her for that, and we had stipulated at our hearing as to her residence which was the issue that was relevant on that. I'd asked her for income taxes. She told me she had not been able to find a copy of it. I would certainly agree to do my best to get her to sign a release so that [the City] can obtain that from the IRS."

Defendants essentially responded that they should not have the burden of obtaining the return and "that any taxpayer can go to a legal IRS office and for a small fee can request a copy of it." Plaintiff's counsel then replied:

"MR. NELSON: We'd certainly be willing to do it. I don't understand what the residency issue is. The United States constitution applies whether you're a Missouri resident or a Kansas resident."

Ultimately, the district court ordered plaintiff to produce the tax returns no later than March 27, 1992, or face dismissal of her claims with prejudice. This order was filed March 23, 1992. Defendants then filed a motion to dismiss the case on March 31, 1992, for plaintiff's failure to comply with court orders. A journal entry dismissing plaintiff's petition with prejudice was filed April 10, 1992. The journal entry provides that neither plaintiff nor plaintiff's counsel appeared at the hearing.

Plaintiff eventually filed a motion to vacate the dismissal, alleging her counsel did not receive a copy of the motion to dismiss or notice of the hearing. At the hearing on plaintiff's motion to vacate, her counsel stated he did not receive notice of the hearing

until the court's administrative assistant called his office after the hearing had been concluded.

Plaintiff advised the district court that she had searched her home and car after the first order in January 1992 to produce her 1989 tax return, but had not found the document. Plaintiff further advised she had contacted the IRS for the return, but had not yet received same from the agency. The court eventually denied plaintiff's motion to vacate the dismissal.

On June 11, 1992, plaintiff filed her notice of appeal of the court's dismissal of her petition and denial of her motion to vacate. On July 14, 1992, defendants moved the district court to dismiss the appeal pursuant to Supreme Court Rule 5.051 (1992 Kan. Ct. R. Annot. 23) for plaintiff's failure to docket the appeal in compliance with Supreme Court Rule 2.04 (1992 Kan. Ct. R. Annot. 7).

Plaintiff moved this court for permission to docket her appeal out of time on August 20, 1992. On August 21, the district court held a hearing on defendants' motion to dismiss the appeal. Finding plaintiff had failed to docket her appeal within 21 days of filing her notice of appeal, the district court dismissed plaintiff's appeal.

This court granted plaintiff's motion to docket her appeal out of time on September 3, 1992, but we ordered the parties to show cause why the appeal should not be dismissed for lack of jurisdiction because the district court had dismissed the appeal prior to our grant of plaintiff's motion to docket the appeal out of time.

## JURISDICTION

Defendants contend the district court's dismissal of plaintiff's appeal before this court acted on plaintiff's motion to docket her appeal out of time deprived this court of jurisdiction to entertain that motion and thus to hear this appeal. We disagree.

Plaintiff filed her notice of appeal on June 11, 1992. Pursuant to Rule 2.04, plaintiff was required to docket her appeal with the Clerk of the Appellate Courts within 21 days of filing the notice of appeal with the clerk of the district court. When plaintiff failed to do so, defendants filed with the district court a motion to dismiss the appeal due to plaintiff's failure to docket same.

Defendants' motion was made pursuant to Rule 5.051, which reads as follows:

### "DISMISSAL OF APPEALS BY DISTRICT COURT

"The district court shall have jurisdiction to dismiss an appeal where the appellant has filed the notice of appeal in the district court but has failed to docket the appeal with the clerk of the appellate courts. Failure to docket the appeal in compliance with Rule 2.04 shall be deemed to be an abandonment of the appeal and the district court shall enter an order dismissing the appeal. The order of dismissal shall be final unless the appeal is reinstated by the appellate court having jurisdiction of the appeal for good cause shown on application of the appellant made within thirty (30) days after the order of dismissal was entered by the district court. An application for reinstatement of an appeal shall be made in accordance with Rule 5.01 and shall be accompanied by a docket fee unless excused under Rule 2.04."

Apparently no published Kansas appellate court cases have squarely faced this issue and determined its effect on appellate jurisdiction. This court in *Knight v. Neodesha Police Dept.,* 5 Kan. App. 2d 472, 620 P.2d 837 (1980), did, however, consider a similar scenario.

"Several of the defendants have argued that this Court has no jurisdiction to hear this appeal because they filed a motion to dismiss the appeal in the district court prior to the docketing of this appeal. This Court allowed plaintiff to docket his appeal out of time, and once the appeal was docketed the district court lost jurisdiction to rule on the motion to dismiss. *Carson v. Eberth,* 3 Kan. App. 2d 183, 185, 592 P.2d 113 (1979)." 5 Kan. App. 2d at 476.

Like the instant case, in *Knight,* a motion to dismiss the appeal was filed with the district court before the appeal was docketed with the appellate court. Unlike the instant case, however, this court in *Knight* granted a motion to docket out of time *before* the district court acted on the motion to dismiss. Here, this court granted plaintiff's motion to docket out of time *after* the district court dismissed the appeal.

Initially, *Knight* does not appear to be authority for finding appellate jurisdiction of plaintiff's appeal. However, we believe inherent in our holding in *Knight* is the conclusion that a motion to dismiss which is pending before the district court does not deprive the appellate court of jurisdiction to entertain a motion to docket out of time. Here, plaintiff filed her motion to docket out of time on August 20, before the district court's dismissal of

the case became effective when the journal entry was filed on August 26. We conclude that the filing of a motion to docket an appeal out of time with the appellate courts deprives the district court of jurisdiction to consider a pending motion to dismiss.

In Kansas, the district court retains jurisdiction until an appeal is docketed with the appellate court. *Honeycutt v. City of Wichita*, 251 Kan. 451, 461, 836 P.2d 1128 (1992); *Carson v. Eberth*, 3 Kan. App. 2d 183, 185, 592 P.2d 113 (1979); Rule 5.051. Despite this circumstance, however, motions to docket out of time are filed with the appellate court and not the district court. Because, pursuant to *Knight*, an appellate court may permit an appellant to docket an appeal out of time despite a pending motion to dismiss in district court, the jurisdiction retained by the district court is already effectively limited. Furthermore, concluding this court has jurisdiction in this case would not seem to prejudice defendants in any appreciable way.

A liberal reading of jurisdictional statutes and rules is favored to allow litigants the opportunity to have their claims heard and determined. Recently, the *Honeycutt* court said:

"Prior to the adoption of the 1964 Code of Civil Procedure, pleadings were technical and the failure to strictly follow rules generally was fatal. The new code attempted to bring a relaxed atmosphere to the legal practice. Notice pleading was adopted and substantial compliance, so long as the opposing side was not prejudiced, became the general rule. The theory was that, within reason, the litigants are to have their case decided in court on the merits and that judges should not be hypertechnical in interpreting statutes and rules to defeat the parties having their day in court. Jurisdictional statutes and rules, of course, must be followed; however, there are exceptions even in jurisdictional matters." 251 Kan. at 459.

"[T]he legislature's and this court's position [is] that the judicial system should offer inexpensive and speedy justice to the citizens of this state and give a liberal construction to the statutes in order to insure that cases are decided on their merits and not to deny a party his or her day in court if the other party to the litigation has not been prejudiced." 251 Kan. at 461.

We conclude this court has jurisdiction to hear this appeal.

## THE DISMISSAL

Defendants argue the record demonstrates plaintiff repeatedly failed to make a good faith effort to obtain the tax return from the IRS despite numerous opportunities, and that plaintiff never

informed the district court of any inability beyond her control to timely obtain the return.

A party to a lawsuit may request another party to produce documents which are within the scope of discovery and "which are in the possession, custody or control of the party upon whom the request is served." K.S.A. 1992 Supp. 60-234(a)(1). If the party fails to respond to such a request, the district court in which the action is pending may upon motion dismiss the action. K.S.A. 60-237(b)(2)(C); (d)(3).

"The sanction of dismissal with prejudice is the most severe sanction a court can apply and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited." *Beal v. Rent-A-Center of America, Inc.,* 13 Kan. App. 2d 375, Syl. ¶ 5, 771 P.2d 553, *rev. denied* 245 Kan. 782 (1989).

Simply said, we have carefully reviewed the record and are not convinced the district court abused its discretion when dismissing plaintiff's cause of action for her failure to comply with its discovery orders.

Affirmed.