**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID R. BROWN,

        Petitioner-Appellant,

v.

RAY ROBERTS; ATTORNEY
GENERAL OF KANSAS,

        Respondents-Appellees.

No. 05-3314

District of Kansas

(D.C. No. 05-CV-3160-SAC)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

David R. Brown, a state prisoner proceeding *pro se*, seeks a certificate

of appealability (COA) that would allow him to appeal from the district court's

order which denied his habeas corpus petition under 28 U.S.C. § 2254. *See* 28

U.S.C. § 2253(c)(1)(B).

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

## I. Factual and Procedural Background

Mr. Brown was convicted of aggravated armed robbery in 1981 ("the 1981 conviction") and sentenced as a habitual offender to ten to forty years in prison. *Brown v. Nelson*, 33 Fed. App'x 976, 976–77 (10th Cir. Apr. 26, 2002). In 1992 he won postconviction relief and received a reduced sentence, from which he received an immediate conditional release. *Id.* at 977. Soon after, in 1996, he violated the conditions of his release by committing attempted aggravated robbery and five counts of kidnapping ("the 1996 conviction"), and he was sentenced as a parole violator. *Id.*

In previous postconviction litigation, Mr. Brown challenged his 1981 conviction, arguing that pursuant to Kansas administrative regulations he was entitled to an unconditional release in 1992. *Id.* If successful, that petition would have invalidated the parole-violator term imposed as part of the sentence for the 1996 conviction. *Id.* Mr. Brown first pressed this argument before the Kansas courts, but the Kansas Court of Appeals found no merit to the claim in 1998, and the Kansas Supreme Court denied a subsequent petition for review as untimely. *Id.* He then advanced the same argument in a petition for a writ of habeas corpus in federal court. The district court dismissed the petition as procedurally defaulted, and in 2002 both the district court and this Court denied requests for a COA. *Id.* at 977–78.

Mr. Brown filed a new petition for a writ of habeas corpus in March 2005, challenging both the 1981 and 1996 convictions on due process and equal protection grounds. His principal claim was that court-appointed attorneys were ineffective because they failed to pursue appeals in a timely manner. The district court dismissed the petition as time barred with respect to both convictions. As to the 1981 conviction, the district court held that "Petitioner's bare claim that appointed counsel failed to file a petition for review in [a] state habeas appeal for over thirteen years is clearly time barred." Order of Apr. 13, 2005, at 2. As to the 1996 conviction, the district court noted that Mr. Brown had failed to file for habeas relief within the one-year limitation period of 28 U.S.C. § 2244(d)(1), and that no extraordinary circumstances justified equitable tolling of the limitations period.

## II. Discussion

### A. 1981 Conviction

This petition under 28 U.S.C. § 2254 is a "second or successive habeas corpus application" insofar as it challenges the 1981 conviction. *See* 28 U.S.C. § 2244(b)(2). Before filing this claim in his petition before the district court, Mr. Brown was required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). Had he done so, a three-judge panel of this Court would have determined within

30 days whether the application "makes a prima facie showing that the application satisfies the requirements of [subsection 2244(b)]." *Id.* § 2244(b)(3)(B)–(D). In a second or successive petition, claims already presented in a prior application are dismissed automatically, and claims not presented in a prior application must be dismissed unless they rely on a "new rule of constitutional law" or on new facts that could not have been discovered previously through the exercise of due diligence. *Id.* §2244(b)(1)–(2).

In this case, Mr. Brown neither sought nor obtained authorization from this Court to file a second or successive petition concerning the 1981 conviction. Accordingly, the district court lacked subject-matter jurisdiction over claims related to the 1981 conviction. *See United States v. Gallegos*, 142 F.3d 1211, 1212 (10th Cir. 1998) (per curiam). As we explained in *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam), "when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631." Although we must vacate the district court's April 13, 2005 order dismissing the petition with respect to the 1981 conviction, *see United States v. Avila-Avila*, 132 F.3d 1347, 1348–49 (10th Cir. 1997) (per curiam), we will construe Mr. Brown's request for a COA as an

application for leave to file a successive petition for habeas corpus relief under § 2254, *see Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam).

Based on our review of Mr. Brown's application, we hold that he has failed to make a prima facie showing that the successive petition satisfies the requirements of § 2244(b). Mr. Brown invokes no new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, and he does not rely on a factual predicate that was previously undiscoverable through due diligence. His arguments instead emphasize readily available facts about the sequence of events in the procedural history of his earlier habeas petition and request for postconviction relief in state court. Accordingly, we deny his application for leave to file a successive petition for habeas corpus relief in the district court.

## B. 1996 Conviction

This petition represents Mr. Brown's first application for habeas relief with respect to the 1996 conviction, and the district court properly exercised jurisdiction over those claims. The denial of a petition for habeas corpus relief under § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court denies the application on procedural grounds,

a petitioner must demonstrate that jurists of reason would find two issues debatable: (1) whether the district court was correct in its procedural ruling; and (2) whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### 1. The District Court's Procedural Ruling

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for filing petitions for habeas corpus relief. *See* 28 U.S.C. § 2244(d)(1). That period runs from the latest of several dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." *Id.* § 2244(d)(1)(A). Mr. Brown contends that his direct appeal is still pending before the state courts, and that the one-year period has not yet started to run.[1]

According to Mr. Brown, his direct appeal in state court "filed on 7-1-97, is still legally pending under Kansas law." Petitioner's Op. Br. 3a-2. At first glance, that claim seems preposterous. Mr. Brown indeed filed a notice of appeal

---

[1]More precisely, Mr. Brown argues that he is eligible for statutory tolling of the one-year period based on 28 U.S.C. § 2244(d)(2), which tolls the limitation period during the pendency of an application for state post-conviction relief. He contends that his direct appeal remains valid and unresolved before the state courts, and thus that his application for relief is still pending. Section 2244(d)(2) applies only to applications for "State post-conviction or other collateral review," however, not to a direct appeal in state court. Because Mr. Brown is proceeding *pro se*, we liberally construe his argument as a claim that his conviction never became final in state court for purposes of § 2244(d)(1)(A).

with the Kansas district court on July 1, 1997, but neither Mr. Brown nor his counsel took any action to pursue the appeal in the Kansas courts for the next seven years. Specifically, so far as the record discloses, Mr. Brown has not filed a docketing statement with the appellate courts, as required by Kansas Supreme Court rules. *See* Kan. Sup. Ct. R. 2.041(a) (requiring the appellant to file a docketing statement within 21 days after filing a notice of appeal). An August 2005 letter from the office of the clerk of the Appellate Courts of Kansas confirms that "[n]o appeal has been docketed" concerning the 1996 conviction. *Id.* Ex. 6. Under the procedural rules that governed Mr. Brown's appeal in 1997, failure to file a timely docketing statement "shall be deemed to be an abandonment of the appeal and the district court shall enter an order dismissing the appeal." Kan. Sup. Ct. R. 5.051 (1997 ed.) (amended Sept. 6, 2005).

On closer inspection, however, Mr. Brown's direct appeal may remain alive, having fallen into a kind of appellate limbo in the Kansas court system. Under Kansas law, the "[f]ailure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal." Kan. Stat. Ann. § 60-2103(a). For reasons that are not clear, the district court never entered an order dismissing Mr. Brown's appeal despite the mandatory language of Rule 5.051. *See* Petitioner's Op. Br. 3a-2, Ex. 5 (state district court docket containing an entry for the notice of appeal on July 1, 1997,

but no subsequent entry dismissing the appeal). Deepening the mystery over the status of Mr. Brown's appeal, the Kansas Supreme Court revised Rule 5.051 in 2005 such that the failure to file a timely docketing statement "shall be *presumed* to be an abandonment of the appeal and the district court *may* enter an order dismissing the appeal." Kan. Sup. Ct. R. 5.051 (2005 ed.) (emphasis added). It is not clear, as a matter of Kansas procedural law, whether Mr. Brown's direct appeal is now governed by the old "deemed" abandoned language and mandatory dismissal, or the new "presumed" abandoned language and optional dismissal. Moreover, Kansas law may yet permit Mr. Brown to docket the appeal. For example, he may be able to request permission to docket the appeal out of time, which immediately deprives the state district court of jurisdiction to dismiss the appeal under Rule 5.051 until the appellate courts can consider the request. *See Sanders v. City of Kansas City*, 858 P.2d 833, 835 (Kan. Ct. App. 1993). Alternatively, before any district court order dismissing the appeal "shall be final," Mr. Brown is entitled to a period of 30 days in which to request reinstatement of the appeal "for good cause shown." Kan. Sup. Ct. R. 5.051. Because no such order ever issued, and Mr. Brown's appeal remains "valid" by statute, direct review in the Kansas courts may not have reached its "conclusion" for purposes of § 2244(d)(1)(A), notwithstanding the fact that neither the parties nor the courts have acted on it for seven years.

Of course, none of this confusion over the status of Mr. Brown's direct appeal means that his petition should be granted. To the contrary, a live direct appeal in state court dooms the petition because of the separate requirement that an application "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus the district court was unquestionably correct to dismiss the petition: either the conviction became final in 1997 and Mr. Brown failed to file within the one-year limitations period, or some combination of direct and collateral review remains available to Mr. Brown in state court and he has failed to exhaust those remedies.

The reason given by the district court for dismissing the petition may have significant consequences. Dismissal of a petition as time barred operates as a dismissal with prejudice, meaning that future applications will be treated as "second or successive" petitions subject to the heightened requirements of § 2244(b). *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003). When the petitioner fails to exhaust state court remedies, however, we generally dismiss the petition without prejudice, giving the petitioner an opportunity to pursue those remedies in state court. *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). Following a dismissal without prejudice and proper exhaustion in state court, a

petitioner may re-file a habeas application in federal court without satisfying the requirements for "second or successive" petitions. *Slack*, 529 U.S. at 485–86.

Given the uncertainty surrounding the status of Mr. Brown's direct appeal in state court and the potentially significant consequences for Mr. Brown of a dismissal with prejudice, reasonable jurists could debate whether the district court was correct in its procedural ruling dismissing the petition as time barred.

### 2. *Mr. Brown's Claim of the Denial of a Constitutional Right*

Even if the district court erred in its procedural ruling, this Court may not grant a COA unless Mr. Brown makes "a substantial showing of the denial of a constitutional right," which "includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 483–84 (internal quotation marks omitted).

Mr. Brown's chief argument is that his court-appointed counsel was deficient for failing to perfect any direct appeal in state court. This Court has held that "[w]here . . . appellate counsel negligently fails to perfect an appeal, counsel's failure necessarily constitutes ineffective assistance." *Johnson v. Champion*, 288 F.3d 1215, 1229–30 (citing *Evitts v. Lucey*, 469 U.S. 387, 397 (1985)). In this case, Mr. Brown's counsel inexcusably neglected to pursue the

direct appeal at all. In a January 2005 letter to a state prosecutor, the attorney explained that shortly after he was ordered to handle the state-court appeal in July 1997, "[t]he file somehow wound up being stored in a closed files box." Petitioner's Op. Br., Ex. A. As a result, the attorney filed a notice of appeal in the Kansas courts, but promptly forgot about the case and took no action for more than seven years. The letter expresses embarrassment about the error: "it would appear that we dropped the ball big time!" *Id.* We can hardly defer to counsel's professional judgment about the issues deserving appellate review under the circumstances.

In his brief, Mr. Brown sets forth each of his potential claims on direct appeal in a single, concise sentence. His only challenge to the conviction is that his trial counsel "did not get records of denial of federal prosecutor to prosecute case, due to no evidence's [sic] of crime." Petitioner's Op. Br. 2-2. He challenges two aspects of his counsel's performance at sentencing: first, that counsel failed to request a downward departure; and second, that Mr. Brown "had to object to criminal history [him]self." *Id.* at 2-2 to 2-3. Finally, he complains that his two co-defendants, Orlando Mitchell and David E. Carter, faced the same charges but received probation, while he was sentenced to a prison term of 261 months. *Id.* Although the record discloses few details about these claims, and we intimate no view on the merits, there is no dispute that Mr. Brown's counsel

-11-

failed to raise any of them—or indeed any other potential issues—on direct appeal. We therefore hold that reasonable jurists could debate whether the petition raises a valid constitutional claim of ineffective assistance of appellate counsel.

### 3. Disposition on the Merits

Because we have concluded that reasonable jurists could question whether the district court was correct in its procedural ruling to dismiss the petition with prejudice, and reasonable jurists could question whether the petition states a valid claim of the denial of a constitutional right, *Slack*, 529 U.S. at 484, we grant a COA.

At this stage, however, there is no point in further appellate proceedings. Given the uncertain status of Kansas procedural law, we believe the best course is to vacate the decision below and remand to the district court with instructions to dismiss Mr. Brown's petition without prejudice, for failure to exhaust his state-court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) (providing that a habeas petition shall not be granted unless it "appears" that the petitioner has exhausted his state court remedies). This will enable Mr. Brown to pursue his 1997 state court appeal and give the state courts an opportunity to determine the status of his direct appeal in the first instance.

## III. Conclusion

We **VACATE** the order of the district court insofar as it dismissed claims related to the 1981 conviction, and **DENY** Mr. Brown's implied request for authorization to file those claims with the district court. We **GRANT** Mr. Brown a COA and **VACATE** the judgment of the district court as to claims related to the 1996 conviction. We **REMAND** claims related to the 1996 conviction with instructions to dismiss the petition without prejudice for failure to exhaust

available remedies in state court. We **DENY** Mr. Brown's motion for production of documents as moot.

Entered for the Court,


Michael W. McConnell
Circuit Judge