FILED
United States Court of Appeals
Tenth Circuit

July 2, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

DAVID R. BROWN,

        Petitioner - Appellant,

v.

RAY ROBERTS, Warden; STEPHEN
N. SIX, Attorney General of Kansas,

        Respondents - Appellees.

No. 09-3070

(D. Kansas)

(D.C. No. 5:07-CV-03227-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

David R. Brown, a Kansas state prisoner proceeding pro se, seeks a certificate of appealability (COA) to challenge the dismissal of his application for habeas relief. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of § 2254 relief). The district court dismissed the application on the ground that Mr. Brown had failed to exhaust state remedies. Because a reasonable jurist could not debate the correctness of the court's decision, we deny his application for a COA and dismiss the appeal.

## I.    BACKGROUND

Mr. Brown was convicted in Kansas state court in 1997 on charges of attempted aggravated robbery and kidnaping. He filed a notice of appeal in 1997

but his counsel failed to perfect or otherwise pursue the appeal in the Kansas appellate courts. Mr. Brown does not suggest that he has pursued any of his claims in state collateral proceedings. *See* Kan. Stat. Ann. § 60-1507 (permitting collateral attack on sentence). In 2005 Mr. Brown filed an application for habeas relief under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas, alleging ineffective assistance of counsel and other constitutional claims. The court dismissed the application as time-barred and Mr. Brown appealed. We held that dismissal was proper. *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006). But we observed that because the Kansas state courts had not entered a formal order dismissing Mr. Brown's 1997 direct appeal, the appeal was potentially "alive." *Id*. at 777. Accordingly, we vacated the district court's decision and remanded "with instructions to dismiss the petition without prejudice for failure to exhaust available remedies in state court." *Id*. at 780.[1]

Back in state court, Mr. Brown filed a motion to docket his direct appeal out of time. The Kansas Court of Appeals summarily denied the motion on May 1, 2007, and the Kansas Supreme Court affirmed the denial shortly thereafter. Presuming that his claims had been exhausted, Mr. Brown filed a new § 2254 application in federal court on August 30, 2007. The application was

---

[1] We also rejected several claims that Mr. Brown had raised with regard to a 1981 conviction. *See Brown*, 177 F. App'x at 776. Mr. Brown has not reasserted those claims in his present habeas application.

liberally construed by the district court to raise claims of (1) ineffective assistance of trial and appellate counsel, (2) cruel and unusual punishment, and (3) a defective complaint or information, depriving the trial court of jurisdiction.

Again the district court dismissed for failure to exhaust. The court observed that Kansas courts can entertain a defendant's untimely appeal when his attorney "failed to perfect and complete" an initial appeal. *State v. Ortiz*, 640 P.2d 1255, 1258 (Kan. 1982). Finding no indication that Mr. Brown had alerted the Kansas courts to the potential applicability of this doctrine, the court concluded that relief in state court was still a possibility. Mr. Brown now seeks a COA from this court to challenge the dismissal.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a

substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A state prisoner must exhaust available state-court remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust a claim, a habeas applicant must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. *O'Sullivan*, 526 U.S. at 845.

Here, reasonable jurists could not debate the district court's conclusion that Mr. Brown has failed to exhaust available state remedies. Although the general rule in Kansas is that an untimely appeal must be dismissed, *Ortiz* recognized an exception for defendants whose attorneys failed to perfect an appeal. *See State v. Patton*, 195 P.3d 753, 758–69 (Kan. 2008). That exception may well apply here. The record contains a letter from Mr. Brown's former appellate counsel in which he states that he "dropped the ball big time!" in relation to Mr. Brown's 1997 direct appeal. R. Vol. I at 141. According to the letter, counsel filed a notice of appeal and Mr. Brown wrote him to ask what issues he intended to raise; but the

appeal was never perfected because Mr. Brown's file was inadvertently stored in a "closed files box" and thereafter forgotten. *Id*. There is no indication that Mr. Brown argued for the application of the *Ortiz* exception when moving the Kansas state courts to permit him to file an untimely appeal. Because remedies under *Ortiz* may still be available, a reasonable jurist could not dispute the correctness of dismissing Mr. Brown's § 2254 application on exhaustion grounds.

## III.   CONCLUSION

We DENY Mr. Brown's request for a COA and DISMISS this appeal. His motion to proceed *in forma pauperis* is granted.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge