**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES WILLIAM McDOWELL,

Petitioner-Appellant,

v.

ARISTEDES W. ZAVARAS,
Executive Director of Colorado
Department of Corrections,

Respondent-Appellee.

No. 10-1475
(D.C. No. 1:10-CV-02150-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Charles William McDowell, a Colorado state prisoner, seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Exercising jurisdiction

under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. McDowell's application for a

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

COA and dismiss his appeal.

## BACKGROUND

On December 7, 1999, a Colorado jury convicted Mr. McDowell of first-degree murder after deliberation, felony murder, aggravated robbery, and theft, for which Mr. McDowell was sentenced to life imprisonment without the possibility of parole.

Mr. McDowell challenged his conviction in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed August 11, 2004, in the United States District Court for the District of Colorado. The district court denied Mr. McDowell's habeas petition as time-barred. *See* Aplt. App. at 87 (Order & J. of Dismissal, filed Oct. 29, 2004). Mr. McDowell did not seek to appeal the district court's denial of his habeas petition. Consequently, he left unchallenged the district court's determination that his petition was time-barred.

On September 2, 2010, Mr. McDowell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado, challenging the same Colorado conviction that he challenged in his 2004 petition. *See* Aplt. App. at 2 (Pet. for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed Sept. 2, 2010). The district court found that Mr. McDowell's 2010 habeas petition was a second or successive petition filed without this court's authorization, dismissed the petition for lack of jurisdiction, and denied Mr. McDowell a COA. *See McDowell v. Zavaras*, No.

1:10-CV-02150-ZLW, 2010 WL 3715188 (D. Colo. Sept. 14, 2010). Mr. McDowell now seeks a COA from this court to appeal the district court's dismissal of his 2010 habeas petition.

**DISCUSSION**

## I. Standard of Review

A COA is a jurisdictional prerequisite to this court's review of a habeas corpus petition. *See* 28 U.S.C. § 2253(c); *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). "We will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Allen*, 568 F.3d at 1199 (quoting 28 U.S.C. § 2253(c)(2)). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In determining whether to grant a COA, we need not engage in a "full consideration of the factual or legal bases adduced in support of the claims," *Miller-El*, 537 U.S. at 336; instead, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim, *id.* at 338. Although an applicant need not demonstrate that his appeal will succeed, he "must prove something more than the absence of frivolity or the existence of mere

-3-

good faith" to obtain a COA. *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983), *superseded on other grounds by statute*, 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted).

## II. Unauthorized Second or Successive Habeas Petition

The district court denied Mr. McDowell's 2004 habeas petition as time-barred, *see* Aplt. App. at 87, and dismissed his 2010 habeas petition for lack of jurisdiction because it was a second or successive petition filed without this court's authorization, *see McDowell*, 2010 WL 3715188. Mr. McDowell contends that his 2010 petition was not second or successive. Among other things,[1] he asserts that the district court had jurisdiction to consider his 2010 petition because

---

[1] Mr. McDowell also contends that the district court erred in dismissing his 2004 habeas petition because the application of tolling principles would have rendered that petition timely. In particular, Mr. McDowell asserts that, viewed through the lens of the Supreme Court's 2010 decision in *Holland v. Florida*, 130 S. Ct. 2549 (2010), the district court erred by concluding in 2004 that his attorney's "long term disdain to even contact him to evaluate potential issues," Aplt. Br. at 15, did not establish his claim for equitable tolling. Mr. McDowell's tolling arguments, however, have no place in this proceeding. As noted, Mr. McDowell did not seek to challenge on appeal the district court's denial of his 2004 petition as time-barred. Furthermore, even if there were some basis for giving retroactive effect to *Holland*, this would not be the appropriate context in which to advance such a contention. Mr. McDowell, for example, has not suggested that *Holland* provides the foundation for us to authorize the filing of a second or successive petition. *See generally* 28 U.S.C. § 2244(b)(2). And we offer no opinion on that subject. Instead, he insists that "[t]he district court erred in finding that the [2010] § 2254 petition was second and successive." Aplt. Br. at 10. For the reasons noted below, however, Mr. McDowell is mistaken. Reasonable jurists could not debate the district court's conclusion that Mr. McDowell's 2010 habeas petition is a second or successive petition. Therefore, the district court lacked jurisdiction to address it.

"[a] habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a second or successive petition as that term is understood in the habeas corpus context." Aplt. Br. at 14 (quoting *Slack*, 529 U.S. at 478) (internal quotation marks omitted).

The district court correctly resolved this issue. Mr. McDowell's 2004 habeas petition was denied as time-barred, not for failure to exhaust state remedies. Such a dismissal is on the merits, and a subsequent habeas petition challenging the same conviction is second or successive. *See Quezada v. Smith*, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction second or successive petitions under § 2244(b)." (quoting *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)) (internal quotation marks omitted)); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation."); *see also Malone v. Workman*, 282 F. App'x 686, 689 (10th Cir. 2008) ("Mr. Malone previously filed a § 2254 petition in 2003,

challenging the same conviction at issue here, which was dismissed as untimely. Such a dismissal is on the merits." (citation omitted)); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) ("Dismissal of a petition as time barred operates as a dismissal with prejudice, meaning that future applications will be treated as 'second or successive' petitions subject to the heightened requirements of § 2244(b).").

Mr. McDowell's 2010 habeas petition challenges the same Colorado conviction as his 2004 habeas petition, and is thus a second or successive habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (concluding that Mr. Burton's habeas petition was "second or successive" because he "twice brought claims contesting the same custody imposed by the same judgment of a state court"); *cf. Magwood v. Patterson*, 130 S. Ct. 2788, 2792 (2010) ("Because Magwood's habeas application challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)." (footnote omitted)). "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." *Magwood*, 130 S. Ct. at 2796 (citing 28 U.S.C. § 2244(b)(3)(A)). "A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Mr. McDowell did not obtain leave from this court to file his 2010 habeas petition. Accordingly, it is an unauthorized

second or successive habeas petition over which the district court lacks jurisdiction. Reasonable jurists could not debate the district court's decision to dismiss Mr. McDowell's 2010 habeas petition for lack of jurisdiction.

## CONCLUSION

Because reasonable jurists could not debate the correctness of the district court's dismissal of Mr. McDowell's petition, we **DENY** Mr. McDowell's application for a COA and **DISMISS** his appeal.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge