(771 P.2d 553)

No. 62,600

62,601

DELORA J. BEAL and STEPHANIE A. MARTIN, *Appellants*, v. RENT-A-CENTER OF AMERICA, INC., *Appellee.*

Petition for review denied June 6, 1989.

Opinion filed March 31, 1989.

*Ken Seck,* of Seck & Seck, of Overland Park, for the appellants.

*Donald W. Vasos,* of Vasos, Kugler & Dickerson, of Kansas City, for the appellee.

Before ELLIOTT, P.J., LEWIS, J., and JAMES P. BUCHELE, District Judge, assigned.

LEWIS, J.: This is a consolidated appeal by the plaintiffs from an order of the district court dismissing their actions with prejudice.

The defendant argues that this court does not have jurisdiction to hear the appeal since the notice of appeal in this case was not filed within 30 days of the entry of judgment. We will deal first with the issue of jurisdiction.

This issue can be resolved only by resorting to the record and an analysis of the chronology of events at the trial court level. On April 5, 1988, the trial court filed its order dismissing plaintiffs' petitions with prejudice; on April 29, 1988, the plaintiffs filed a motion to reconsider dismissal; on June 6, 1988, the order of the trial court denying the motion to reconsider was filed; and on July 1, 1988, the plaintiffs filed their notice of appeal.

It is quite apparent that the notice of appeal was filed considerably more than 30 days after the April 5, 1988, order dismissing the actions with prejudice. This particular order would not be reviewable by this court unless plaintiffs took some action that tolled the running of the 30-day time period in which a notice of appeal must be filed. The only response by the plaintiffs to the order of dismissal with prejudice was to file on April 29, 1988 a motion to reconsider the order of dismissal.

It is the position of the defendant that this motion was nothing more than a motion to "alter or amend" filed under K.S.A. 60-259(f), and this motion could only toll the running of the time for filing the notice of appeal if it was filed within ten days of the entry of judgment. If, in fact, we treat the motion to reconsider as being filed under K.S.A. 60-259(f), the defendant would be absolutely correct in its argument and we would have no jurisdiction to hear the appeal. The motion to reconsider, however, specifically stated that it was filed pursuant to K.S.A. 60-260(b), and the only time limitation for the filing of such a motion is that it be filed within a "reasonable time" and not more than one year after the order was entered, at least insofar as that statute is applicable to the issues on this appeal.

The question then is whether the motion to reconsider is to be construed as one asking for relief under K.S.A. 60-259(f) or under K.S.A. 60-260(b). In approaching this issue, we note that the motion itself specifically stated that it sought relief and was filed pursuant to K.S.A. 60-260(b). We do not believe that statement alone is sufficient to determine the issue but it is certainly relevant and worthy of consideration. In reviewing the relief sought by the motion to reconsider, we note that it seeks relief in areas which could be designated as "excusable neglect," "inadvertence," "misrepresentation," or "misconduct," which are all areas governed by K.S.A. 60-260(b), and for which the court can grant relief. We conclude that since the motion filed by the plaintiffs stated that it sought relief under K.S.A. 60-260(b), and since that motion in fact sought relief on the grounds contemplated by K.S.A. 60-260(b), the motion is to be considered as having been filed under that statute and seeking relief under it. We will determine jurisdiction based upon that fact.

A motion filed pursuant to K.S.A. 60-260(b) does not affect the finality of the judgment or suspend its operation, nor does it toll the time for filing a notice of appeal from such judgment. *Giles v. Russell*, 222 Kan. 629, 632, 567 P.2d 845 (1977). Therefore, applying that rule to the facts in this case, the filing of the motion to reconsider on April 29, 1988, did not toll the time for filing the notice of appeal from the April 5, 1988, order of dismissal. Therefore, the notice of appeal filed on July 1, 1988, was filed more than 30 days after the entry of the order of dismissal, and this court has no jurisdiction to hear an appeal from the order dismissing the action of the plaintiffs with prejudice.

However, the order denying the motion to reconsider was not filed until June 6, 1988, and the notice of appeal was timely filed as to that order only. Our review, therefore, is limited to the order denying the motion to reconsider. The standard of review was set forth by the Kansas Supreme Court in *Giles v. Russell*, 222 Kan. at 632-33:

"The appellant also appealed from the denial of her motion pursuant to K.S.A. 60-260(*b*). Appeal from an order denying a motion under K.S.A. 60-260(*b*) brings up for review only the order of denial itself and not the underlying judgment. [Citations omitted.] A motion for relief from a final judgment under K.S.A. 60-260(*b*) is addressed to the sound discretion of the district court. The scope of appellate review of the district court's decision is limited to whether the court abused its discretion. [Citation omitted.]"

The record on appeal in this particular case is lacking in several aspects, but we have carefully reviewed what there is of it and conclude that the trial court did not abuse its discretion when it denied the motion to reconsider. The action was dismissed primarily due to the failure of the attorney for the plaintiffs to complete discovery, to comply with the orders of the trial court, and to attend a pretrial hearing. Although dismissal of the action filed by a plaintiff is a severe and harsh action, it remains a very effective method of maintaining docket control and serves as a reminder that deadlines, discovery orders, and pretrial conference hearings cannot be ignored with impunity. The record in this case shows that plaintiffs originally had other counsel, the original counsel withdrew, and the trial court dismissed the plaintiffs' action at that time. The present attorneys for the plaintiffs filed their entries of appearance on October 22, 1988, when they filed a motion to reinstate the action. This motion was, in fact, granted, and the action reinstated. The defendant filed a motion to dismiss in March 1988 on a number of grounds, including the following: (1) the plaintiffs had failed to identify their expert medical witnesses by January 1, 1988, as ordered by the court and failed to complete discovery on March 18, 1988, as ordered by the court; (2) the plaintiffs had failed and refused to answer 17 written interrogatories and six requests for production of documents which had first been served on plaintiffs on August 14, 1987; and (3) the plaintiffs had failed to sign and return a number of medical authorizations which were served on their attorneys in February 1988.

The defendant's motion to dismiss was set for hearing at the time of the pretrial conference on March 25, 1988. On that date counsel for all parties were present when, due to the judge's illness, the hearing was continued to April 4, 1988, and the trial was scheduled for April 18, 1988. The attorney for the defendant, following the March 25 hearing, wrote plaintiffs' attorney a letter confirming and advising of the April 4, 1988, pretrial conference, and the hearing on the defendant's motion to dismiss. However, on April 4, 1988, counsel for the plaintiffs failed to appear at the scheduled pretrial hearing and failed to respond to the motion to dismiss, and the action was dismissed with prejudice.

We are asked to conclude that the trial court abused its discretion when it denied the motion of plaintiffs to reconsider its

order of dismissal. However, the plaintiffs have not included in the record a transcript of the hearing on their motion to reconsider. If the plaintiffs presented any evidence whatsoever of excusable neglect, or offered any mitigating circumstances to justify their failure and refusal to comply with discovery and other orders of the court, those facts are not before us. The trial court did not make extensive findings of fact, but in its order of dismissal it did find that the facts set forth in the defendant's motion to dismiss were true and correct. Those facts are, in essence, findings of fact from which the plaintiffs cannot appeal, and they clearly sustain the decision of the trial court.

In reviewing the record, it is obvious that the plaintiffs refused almost totally to comply with discovery and other orders of the trial court. Interrogatories and demands to produce documents remained unanswered for more than seven months after they were served; the trial court's order to list medical witnesses by January 1, 1988, went ignored and unheeded for almost three months; repeated requests by defendant's counsel for medical releases and answers to his interrogatories and demands for production of documents were ignored; and, finally, counsel for the plaintiffs failed to attend the scheduled pretrial conference and the hearing on the defendant's motion to dismiss, although counsel admittedly had ample notice of the date, time, and place of the hearing.

K.S.A. 60-237 provides sufficient authority for the trial court to impose the sanctions which were imposed in this case. In *Williams v. Consolidated Investors, Inc.*, 205 Kan. 728, 733, 472 P.2d 248 (1970), the Kansas Supreme Court in a discussion as to the propriety of dismissal as a sanction stated:

"The penalties permitted by 60-237(*b*) (2) are not to be imposed for the failure to comply with a production order in the absence of an ability to produce, where a party's failure to produce is shown to be due to inability fostered neither by his own conduct nor by the attendant circumstances of the case. (*Read v. Ulmer*, 308 F.2d 915.) While 60-237(*b*) (2) applies to all failures to comply, either willful or not, the presence or lack of good faith in the parties is relevant to the orders which should be given and the severity of the sanctions imposed. (*B. F. Goodrich Tire Company v. Lyster*, 328 F.2d 411, 415.) The sanction of judgment by default for failure to comply with a production order is the most severe sanction which the court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited. However, where a party has acted in willful and deliberate disregard of reasonable and necessary orders of the court and the efficient administration of justice, the application of a

stringent sanction is fully justified and should not be disturbed. (*Trans World Airlines, Inc. v. Hughes*, 332 F.2d 602.) See, also, *Ronnau v. Caravan International Corporation*, 205 Kan. 154, 468 P.2d 118."

See *Lorson v. Falcon Coach, Inc.*, 214 Kan. 670, 522 P.2d 449 (1974); *Binyon v. Nesseth*, 7 Kan. App. 2d 110, 115, 638 P.2d 946 (1981), *aff'd* 231 Kan. 381, 646 P.2d 1043 (1982).

It appears that the actions of the plaintiffs in this case were willful and deliberate and certainly interfered with the efficient administration of justice. As pointed out earlier, if the plaintiffs offered any evidence to justify their nonaction or to show excusable neglect or mitigating circumstances, this evidence is not in the record on appeal and is not before this court. Based on the record as it is before this court, we conclude that the trial court did not abuse its discretion in denying the motion to reconsider.

The plaintiffs also argue there was misrepresentation to the trial court on the part of the defendant's counsel about the status of the cases. The plaintiffs argue that although they pointed out the alleged misrepresentation to the trial court, the trial court refused to consider those facts when ruling on the motion to reconsider. As pointed out earlier, there is simply no record showing what the trial court did or did not consider when ruling on the motion to reconsider the dismissal. It is the responsibility of the appellants to prepare a record on appeal in such a form as to support their contentions, and they have failed to do so on this issue. We also point out that, even assuming the trial court refused to consider any alleged misrepresentation, there is an abundance of undisputed facts concerning the nonaction of the plaintiffs to justify the court's action, not only in dismissing the petitions, but in refusing to grant the motion to reconsider.

Affirmed.