No. 79,507

MARK A. SHAY, *Appellant*, v. STATE OF KANSAS, DEPARTMENT OF TRANSPORTATION, *Appellee*.

(959 P.2d 849)

Opinion filed May 29, 1998.

*L. D. McDonald, Jr.,* of McDonald Law Firm, of Overland Park, argued the cause and was on the brief for appellant.

*Russell K. Ash,* Office of Chief Counsel, Kansas Department of Transportation, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: Mark A. Shay appeals the Franklin County District Court's dismissal of his eminent domain valuation appeal for failure to provide discovery.

The changing cast of players herein must be set forth in some detail as it contributed substantially to the outcome of this case.

Ted and Karen Fogle, the original plaintiffs in this action, foreclosed on the mortgage they held on a piece of real estate involved in eminent domain proceedings for a state highway in Franklin County. The Fogles eventually purchased the real estate at the sheriff's sale subject to the right of redemption by the former owners, Mark A. Shay and Carol Shay. The certificate of purchase was

issued to the Fogles on December 20, 1995, with the redemption period running until December 20, 1996. On January 12, 1996, dissatisfied with the award made by the court-appointed appraisers in the master condemnation case, the Fogles filed a notice of appeal pursuant to K.S.A. 26-508. The Fogles were represented by John Richeson.

In December 1996, Mark Shay redeemed the property. Carol Shay has apparently disclaimed any interest in the real estate and is not a party to this appeal. As will be more fully discussed below, Shay entered this case as the Fogles departed. Shay was represented first by J. Kevin Lund and later by L. D. McDonald.

The defendant at all times was the Kansas Department of Transportation (KDOT). KDOT was represented first by John Strahan and then by Russell Ash, both KDOT staff attorneys.

In summary, this case had numerous changes of parties and attorneys, with no fewer than five different attorneys and two different plaintiffs involved from January 1996, when the valuation appeal was filed, until May 1997, when it was dismissed. Additionally, Judge James J. Smith, who presided over the case at all times, has staff in both Franklin County and Anderson County who assist him with his duties and his calendar. Some of the problems apparently arose out of this arrangement.

Without going into the minute details of these comings and goings, we note that on December 12, 1996, when Shay filed his motion for substitution of parties, the record indicates that, up to that point, discovery had commenced and some information had been exchanged between KDOT and the Fogles. Earlier, on June 24, 1996, on the Fogles' motion, Judge Smith had ordered the case continued until the period of redemption had run, setting a hearing for December 23, 1996.

Judge Smith apparently allowed Shay's request for a substitution of parties (we note, however, there is no order or transcript of a hearing on this matter), and set the case for hearing on January 7, 1997. Later that day, Judge Smith issued an "ORDER FOR PRE-TRIAL" in which the parties were directed to proceed with discovery and were given certain dates for exchanging experts' reports. While the parties were warned that failure to disclose experts' re-

ports by the required date might result in "no such undisclosed witnesses [being] used at the trial," the order did not indicate that dismissal was immediately forthcoming if the parties failed to comply. Discovery was to be completed by April 7, 1997, and the parties were to appear for a pretrial conference on April 15, 1997. According to this order, no trial date had been set.

Shortly after this order was issued, the record indicates that Ash began handling the case for KDOT, replacing Strahan.

On January 15, 1997, 8 days after the order for pretrial was issued, Ash filed a motion to dismiss the action for lack of prosecution. Defendant requested that the court either dismiss the action or, in the alternative, "bind Shay to all decisions and determinations heretofore made by [the] Court." The motion to dismiss was set for hearing on February 18, 1997.

On January 28, 1997, McDonald entered an appearance for Shay, and on February 13, 1997, Shay's former attorney, Lund, filed a motion to withdraw.

On February 18, 1997, the same day the motion to dismiss was set for hearing, defendant filed a motion to compel production. Defendant indicated that it had not received plaintiff's discovery response due February 13, 1997, and requested that plaintiff be ordered to respond no later than March 1, 1997. The motion to compel was set for hearing on March 4, 1997. The March 4 hearing did not occur, and the court never directly ruled upon this motion.

At the February 18 hearing, Ash argued that Shay had done nothing to forward his case and that subsequent discovery problems indicated "a total lack of intent to do anything or have any involvement in this matter." The transcript of this hearing indicates a great deal of confusion on the part of both parties concerning the January 7 order, specifically, who had the order, when they had it, and what else was said at the January 7 hearing. Nonetheless, McDonald indicated to the court that he would comply with the discovery order within the next 7 days.

In spite of such promises, Judge Smith found that plaintiff had failed to protect his interests and had not complied with the discovery order. The court dismissed the action with prejudice.

Plaintiff's motion for reconsideration of the dismissal was plagued with logistical problems. Hearings were set and missed; proposed journal entries were mailed and faxed; some received, some not; and rulings were made and set aside. Finally, on May 27, 1997, a hearing was held and Judge Smith denied plaintiff's motion. Plaintiff subsequently appealed pursuant to K.S.A. 26-504.

In *Hawkins v. Dennis*, 258 Kan. 329, 340-41, 905 P.2d 678 (1995), we set out both the standard of review, as well as the basic legal principles surrounding appeals involving the imposition of sanctions and discovery, stating:

> "It is well established that the imposition of sanctions for failure to comply with discovery orders is a matter within the discretion of the trial court and that the decision to impose sanctions will not be overturned unless that discretion has been abused. *Lorson v. Falcon Coach, Inc.*, 214 Kan. 670, Syl. ¶ 3, 522 P.2d 449 (1974). In *State v. Warden*, 257 Kan. 94, 116, 891 P.2d 1074 (1995), we stated:
> 'Judicial discretion is abused if judicial action is arbitrary, fanciful, or unreasonable, which is another way of stating that discretion is abused only if no reasonable person would take the view adopted by the trial court. If reasonable persons could differ regarding the propriety of the action taken by the trial court, it cannot be said that the trial court abused its discretion. *State v. Brown*, 249 Kan. 698, Syl. ¶ 10, 823 P.2d 190 (1991).'
>
> "In *Lorson*, this court declared that 'where there is evidence that a party has acted in deliberate disregard of reasonable and necessary orders of a court, and where such party is afforded a hearing and an opportunity to offer evidence of excusable neglect, the imposition of a stringent sanction will not be disturbed.' 214 Kan. 670, Syl. ¶ 3. Additional principles to aid in ascertaining whether the district court abused its discretion emerge from decisions involving the sanction of default judgment. The sanction should be designed to accomplish the objects of discovery rather than for the purpose of punishment. *Fields v. Stauffer Publications, Inc.*, 2 Kan. App. 2d 323, 328, 578 P.2d 1138, *rev. denied* 225 Kan. 843 (1978). Where the party failed to comply due to inability to do so rather than bad faith, a severe sanction such as dismissal or default probably would be inappropriate. *Vickers v. City of Kansas City*, 216 Kan. 84, Syl. ¶ 7, 531 P.2d 113 (1975)."

Dismissal of a lawsuit should only be used as a last resort when other lesser sanctions are clearly insufficient to accomplish the desired end. *Burkhart v. Philsco Products Co.*, 241 Kan. 562, 576-77, 738 P.2d 433 (1987).

K.S.A. 1997 Supp. 60-216 provides, in part:

"(f) If a party or party's attorney fails to obey a pretrial order, . . . the judge, upon motion or the judge's own initiative and after opportunity to be heard, may make such orders with regard thereto as are just, and among others any of the orders provided in subsections (b)(2)(B), (C) and (D) of K.S.A. 60-237 and amendments thereto. In lieu of or in addition to any other sanction, the judge shall require the party or the party's attorney, or both, to pay the reasonable expenses incurred because of any noncompliance with this section, including attorney fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."

Further, K.S.A. 1997 Supp. 60-237 sets out the sanctions which may be imposed for failure to allow discovery or for failure to obey a trial court's discovery order, and provides, in relevant part:

"(b) . . . (2) *Sanctions by court in which action is pending*. If a party . . . fails to obey an order to provide or permit discovery, including [an order compelling disclosure or an order imposing sanctions], the judge before whom the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such disobedient party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

. . . .

"In lieu of any of the foregoing orders or in addition thereto, the judge shall require the party failing to obey the order or the attorney advising such party or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the judge finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"(c) *Failure to disclose; false or misleading disclosure; refusal to admit*. (1) A party that without substantial justification fails to disclose information required by subsection (b)(6) [disclosure of expert testimony] or (e)(1) [supplementation of responses] of K.S.A. 60-226, and amendments thereto, shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard,

may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B) and (C) of subsection (b)(2) and may include informing the jury of the failure to make the disclosure."

As is readily apparent from these statutes, the district court is armed with a variety of sanctions which may be imposed when a party fails to comply with a discovery order.

The record shows that Shay initially hired an attorney who entered an appearance and then apparently could not or would not complete the discovery requested by defendant. Within a short period of time, plaintiff changed attorneys, retaining McDonald, who entered an appearance, talked with Shay's former attorney, met with defendant's attorney in his Topeka office, and promised to comply with defendant's discovery requests. The record also supports McDonald's assertions that his noncompliance was not due to willful disobedience of the court's order but rather due to general confusion and misinformation concerning the nature of the order. Approximately 60 days elapsed from the time Shay became the plaintiff to the time the court initially dismissed his case.

In a motion to compel filed contemporaneously with the February 18, 1997, hearing, even the defendant suggested the deadline for plaintiff's compliance with discovery should be extended. There is no indication any less severe sanction than dismissal was considered by the court. The imposition of the ultimate sanction was clearly unwarranted under the facts herein and constitutes an abuse of judicial discretion.

We therefore reverse the district court's order of dismissal and remand the case for further proceedings.

Finally, we note plaintiff has requested that, on remand, the case be reassigned to Judge Thomas Sachse, who apparently heard the master condemnation petition. We concur with that request and remand with that instruction.

Reversed and remanded with instructions.