NOT DESIGNATED FOR PUBLICATION

No. 117,682

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

ELIZABETH A. DEPRIEST,
*Appellee*,

and

DONALD F. WEAVER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; RHONDA K. MASON, judge. Opinion filed July 20, 2018. Reversed and remanded with directions.

*Donald F. Weaver*, appellant pro se.

*Janet L. Damore*, of The Damore Law Firm, LLC, of Leawood, for appellee.

Before GARDNER, P.J., PIERRON, J., and WALKER, S.J.

PER CURIAM: Elizabeth A. DePriest and Donald F. Weaver were married in 2008 and had no children. DePriest filed a petition for divorce in October 2016. In April 2017, following two pretrial conferences, the district court granted default judgment against Weaver as a sanction for failing to respond fully to DePriest's discovery requests and failing to comply with a court-ordered discovery deadline. Weaver timely appeals.

DePriest served Weaver by publication in November 2016, but Weaver did not file his answer until January 2017, almost a month past the deadline, and did not seek leave to

1

file it out of time. DePriest moved for default judgment based on these failures, but the district court denied the motion.

During discovery, Weaver failed to file his Pretrial Questionnaire and Witness and Exhibits List by the March 16, 2017 deadline. At the March 20, 2017 pretrial conference, DePriest moved for default judgment as a discovery sanction under K.S.A. 2017 Supp. 60-216(f) for Weaver being unprepared for the pretrial conference. The district court denied the motion, stating that default was "seen as a last resort" that it would not impose at that time because it had not entered orders for Weaver to comply by a date certain. The court then ordered him to respond fully to discovery requests and file his Witness and Exhibit List by March 24, 2017. The court warned Weaver that it would "look to a default in this matter" if he did not meet this deadline. Weaver made the required filings March 29, 2017.

At the second pretrial conference on April 3, 2017, DePriest informed the district court that Weaver had not responded to her request for bank records on a business account. Weaver's counsel indicated that the records were not available. The district court chastised counsel for not advising DePriest of that and then the judge retired to chambers and made an ex parte call to the bank to find out if the records were available. After making the call, the district court entered default judgment against Weaver.

Weaver appeals pro se, arguing *inter alia* that the district court erred in entering default judgment because it failed to follow the procedures of K.S.A. 2017 Supp. 60-255(a) requiring notice to the defendant and that the judge's call to the bank was improper judicial investigation. DePriest responds that the court entered judgment not under K.S.A. 2017 Supp. 60-255 but under K.S.A. 2017 Supp. 60-216(f), as a sanction for discovery violations and that the information from the phone call was not the "determinative factor" in the judge's ruling. Given that the court did not cite a statutory section in its oral ruling or written order, and that the pro se brief raised the issue well enough that DePriest could

respond, we will address the default per K.S.A. 2017 Supp. 60-216(f), and then address the propriety of the judge's phone call to the bank.

*Standard of review*

DePriest argues that our review is limited to examining the "face of the judgment" because Weaver did not file a motion to set aside the default judgment below. However, the cases she cites concerned default judgments entered for failure to appear or to answer. Here the default was entered in the presence of the parties and as a discovery sanction. DePriest cites no law requiring that a motion be made in the district court before appeal in this type of default.

We review the imposition of discovery sanctions for abuse of discretion. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party asserting the abuse of discretion bears the burden of showing such abuse. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013).

*The sanction of default judgment*

K.S.A. 2017 Supp. 60-216(f) authorizes the district court to impose sanctions for failing to appear at the pretrial conference, being substantially unprepared to participate, or for failing to obey a scheduling or other pretrial order. K.S.A. 2017 Supp. 60-216(f)(l)(A)-(C). The court may issue any just orders, including those authorized by K.S.A. 2017 Supp. 60-237(b)(2)(A)(ii)-(vii). The most severe is "rendering a default judgment against the disobedient party." K.S.A. 2017 Supp. 60-237(b)(2)(A)(vi).

Sanctions should be designed to accomplish the objects of discovery rather than to punish a party. *Canaan v. Bartee*, 272 Kan. 720, 727-28, 35 P.3d 841 (2001). The severe sanction of default judgment should only be used as a last resort when other lesser sanctions are clearly insufficient. *Burkhart v. Philsco Products Co.*, 241 Kan. 562, 576-77, 738 P.2d 433 (1987).

Our Supreme Court has found abuse of discretion in the entry of dismissal or default as a discovery sanction several times. See, e.g., *Canaan*, 272 Kan. at 729-30 (abuse of discretion because court entered default without considering lesser sanctions); *Shay v. Kansas Dept. of Transportation*, 265 Kan. 191, 194, 959 P.2d 849 (1998) (same); *Burkhart*, 241 Kan. at 578-79 (abuse of discretion to dismiss case for plaintiff's counsel's failure to cooperate in discovery).

The three Court of Appeals cases in which the court ruled that the district court did not abuse its discretion in dismissing an action as a discovery sanction involved much more significant failures by the sanctioned parties than exhibited here. In the case that DePriest relies on, *Beal v. Rent-A-Center of America, Inc.*, 13 Kan. App. 2d 375, 379, 771 P.2d 553 (1989), the district court dismissed the plaintiffs' suit where, as the panel observed, "the plaintiffs refused almost totally to comply with discovery and other orders of the trial court." Specifically, the plaintiffs failed to attend the pretrial conference and the hearing on the defendant's motion to dismiss. Further, the plaintiffs failed to and at times refused to respond to interrogatories and demands to produce documents for more than seven months and ignored the trial court's order to list medical witnesses for almost three months. On these more severe facts, the *Beal* panel ruled that the district court did not abuse its discretion in entering default judgment. 13 Kan. App. 2d at 380.

Likewise, our court found no abuse of discretion in *Graham v. Herring*, No. 112,498, 2015 WL 5224811, at *8-10 (Kan. App. 2015) (unpublished opinion), where the district court dismissed the plaintiffs' action after the plaintiffs actively avoided being

4

deposed for more than five months, failed to attend scheduled depositions, and failed to appear in court for a hearing on the defendant's motion for sanctions. See also *Cline v. Crawford*, No. 91,858, 2004 WL 2694272 (Kan. App. 2004) (unpublished opinion) (no abuse of discretion in dismissing action as discovery sanction where plaintiff refused to answer questions at his deposition and failed to comply with discovery orders in the 28 months after he filed suit).

Weaver did not exhibit the outright refusals or lengthy delays seen in these cases. Only three and one-half months elapsed from the due date of Weaver's answer until the district court entered default judgment as a discovery sanction. Weaver's counsel admitted he had made several procedural errors during the case. However, the errors the district court identified concerning discovery were that Weaver was unprepared for the March 20, 2017 pretrial conference because he had not filed his Pretrial Questionnaire or Witness and Exhibits List; that he did not file them by the March 24, 2017 deadline ordered by the court; and that when he filed them three business days later, he did not produce records from one bank account. Weaver also did not produce the bank records at the second pretrial conference on April 3, 2017. He represented that the records were not available and that it was his understanding that this had been communicated to DePriest's counsel by e-mail. The district court stated that Weaver's counsel should have told DePriest that the records were not available, and then the court took it upon itself to personally call the bank to find out if the records were in fact unavailable. The call revealed that they were only unavailable electronically.

Weaver's counsel explained that some of the delays were because of difficulties in communicating with his client. At the first hearing, counsel explained that Weaver was living in a remote area in Colorado with spotty cellphone service and no e-mail access unless he went into town. Weaver's counsel stated that they had given DePriest's attorney a stack of documents 8-10 inches high. Weaver personally attended each hearing—even though he had to sleep in his truck while in Kansas. Weaver's counsel argued that default

5

was not appropriate, in part because some of the fault was attributable to counsel, and volunteered to pay DePriest's attorney fees for her time in attending a second hearing. The district court awarded reasonable attorney fees to DePriest for the time spent preparing for and attending the first pretrial hearing and imposed the sanction of default judgment.

As we noted above, default judgment is a sanction of last resort. *Burkhart*, 241 Kan. at 576-77. The failure of a district court to impose lesser sanctions or explain its reasons for rejecting lesser sanctions has been a significant factor in cases where our Supreme Court found abuse of discretion. See *Canaan*, 272 Kan. at 729 (citing additional cases); *Shay*, 265 Kan. at 196.

Here, the district court denied DePriest's motion for default at the March 20 hearing, stating that default is "seen as a last resort" that it would not impose because it had not yet imposed an order for Weaver to comply. The district court—which entered the hearing believing the trial was 14 days away when it was actually set for 24 days away—ordered Weaver to comply within 4 business days. Weaver did not meet the deadline. While we do not condone missing a court-ordered deadline, the extreme sanction of default judgment against Weaver was, in our view, an abuse of discretion under the facts of this case. As our Supreme Court stated in *Burkhart*, "[t]he court's frustration with counsel is readily understandable and sanctions directed to counsel rather than the plaintiff may have been entirely appropriate." 241 Kan. at 579.

Based on this conclusion, it is not necessary to reach Weaver's other arguments, but in the interest of completeness we will briefly address the action of the district court judge in calling the bank.

*The judge's ex parte communication with the bank*

After hearing arguments from counsel for both parties about Weaver's compliance with the request for bank records, the district court judge recessed the hearing, returned to chambers, and called the bank to determine if the records were available. Upon reconvening, the district court told the parties that she learned the bank did not keep electronic records older than seven years and that the bank stated there was "a possibility that they have hard copies." The judge stated that whether or not they existed, "it was not looked into" by Weaver. This was a conclusion the district court reached on its own without asking Weaver if he had in fact looked into it.

Weaver argues this was an act of investigation by the judge in contravention of the Code of Judicial Conduct and that it deprived him of due process of law. DePriest responds by arguing that the information the judge obtained was not the determinative factor in the judge's decision. However, our review of the transcript makes clear that it played a major role in the district court's decision to enter default judgment as a sanction.

Rule 2.9(C) of the Kansas Code of Judicial Conduct states: "A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed." (2018 Kan. S. Ct. R. 440.) Our Supreme Court, in *State v. Jenkins*, 263 Kan. 351, 353, 363-64, 950 P.2d 1338 (1997), held that it was not error for the district court judge to confirm an attorney's other court appearances on the day the attorney failed to arrive timely for a hearing in front of that judge. Here, though, the judge engaged in ex parte investigation regarding the existence of documents requested by a party. We believe this clearly constitutes impermissible judicial investigation, and it was prejudicial because the judge based her ruling in part on the information and a fact that she inferred from the information.

In sum, the district court erred in imposing the ultimate sanction under the circumstances here without due consideration or explanation of why a lesser sanction would be clearly insufficient. Further, it erred in conducting an ex parte factual investigation. For these reasons, the grant of default judgment is reversed and the case is remanded for further proceedings. Weaver's argument that the division of assets ordered by the district court was not fair and equitable is to be addressed on remand.

Reversed and remanded with directions for further proceedings.